[Cite as *Cleveland v. Jones*, 2018-Ohio-4420.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106717**

**CITY OF CLEVELAND**

PLAINTIFF-APPELLEE

vs.

**BLANCHARD E. JONES, JR.**

DEFENDANT-APPELLANT

**JUDGMENT:**
VACATED AND REMANDED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2017 CRB 008785

**BEFORE:** Keough, J., McCormack, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** November 1, 2018

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender
By:   Cullen Sweeney
       Robert Blanshard McCaleb
Assistant Public Defenders
310 West Lakeside, Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
City of Cleveland Law Director
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114

Omar Lebron Siddiq
Assistant Prosecutor - City of Cleveland
City of Cleveland Law Department
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Blanchard E. Jones, Jr., appeals the trial court's decision denying his motion to suppress and his subsequent conviction for failure to inform, in violation of R.C. 2923.12(B)(1).   For the reasons that follow, we vacate his conviction.

{¶2} In March 2017, Jones was charged with failure to inform, using a weapon while intoxicated, and obstructing official business.  The charges stemmed from an encounter with police in the early morning hours of March 18, 2017 outside the Hilton hotel in downtown Cleveland.

**{¶3}** Jones filed a motion to suppress contending that his arrest was unlawful. Following an evidentiary hearing, the trial court denied the motion. Subsequently, Jones entered into a plea agreement with the city whereby he agreed to forfeit the firearm involved and plead no contest to the offense of failure to comply in exchange for the other offenses being nolled. The trial court sentenced Jones to 180 days in jail, with credit for three days served, and the remaining 177 days suspended. Additionally, he was ordered to pay a $1,000 fine and court costs with $600 of the fine suspended. Finally, Jones was ordered to serve one year of active probation that included a gun safety class and a substance abuse assessment.

**{¶4}** Jones now appeals, raising three assignments of error.

**{¶5}** Under R.C. 2937.07, when a court finds a defendant guilty after that defendant has entered a no contest plea, the record must provide an "explanation of circumstances" or factual basis that includes a statement of the facts supporting all of the essential elements of the offense. *Broadview Hts. v. Krueger*, 8th Dist. Cuyahoga No. 88998, 2007-Ohio-5337, ¶10. The explanation of circumstances "'serves as the evidence upon which the trial court is to base its finding of guilty or not guilty.'" *State v. Schornak*, 2015-Ohio-3383, 41 N.E.3d 168, ¶ 7 (2d Dist.), quoting *State v. Stewart*, 2d Dist. Montgomery No. 19771, 2004 Ohio App. LEXIS 2745, 3 (June 10, 2004). "Section 2937.07 confers a substantive right on the accused to be discharged by a finding of not guilty where the explanation of circumstances that the statute requires fails to establish all of the elements of the offense, or where no explanation of circumstances is made at all." *State v. Osterfeld*, 2d Dist. Montgomery No. 20677, 2005-Ohio-3180, ¶ 6.

**{¶6}** In his first assignment of error, Jones contends that the trial court entered a finding of guilt without requesting or receiving an explanation of circumstances at the time of the plea. The city concedes that neither the prosecutor nor the court entered an explicit factual basis.

However, the city maintains that this defect is not fatal because (1) the factual basis can be given at any time, including a previously-held suppression hearing or during sentencing; and (2) the court noted the police report number on the court's journal entry finding Jones guilty.

{¶7} The city acknowledges this court's precedent in *Middleburg Hts. v. Elsing*, 8th Dist. Cuyahoga No. 105237, 2017-Ohio-6891, that facts adduced at a previously-held suppression hearing are insufficient to satisfy the explanation of circumstances requirement of R.C. 2937.07. This court stated,

> Although the record contains several documents, including the citation and the police officer's testimony from the suppression hearing that could have supported a finding of guilt and, although the trial judge acknowledged that he had previously "heard the facts," the trial court did not at any point reference any of these facts or materials for the record. "While the trial court judge may have had knowledge of facts that would constitute a sufficient basis for a finding of guilt, the law requires an explanation of the circumstances that support such a conclusion." *Brown*, 2017-Ohio-678, at ¶ 12; *see also Horvath*, 2015-Ohio-4729, 49 N.E.3d 847, at ¶ 16 (citing *Cleveland v. Paramount Land Holdings, L.L.C.*, 8th Dist. Cuyahoga No. 95448, 2011-Ohio-3383, ¶ 23, for the proposition that "an explanation of circumstances is not satisfied by a presumption that the [trial] court was aware of facts").

*Id*. at ¶ 14.

{¶8} Despite our precedent, the city contends that this court should rely on cases from other districts that hold that a factual basis can be given at any time, including a previously-held suppression hearing or during sentencing. *See, e.g., State v. Wendell*, 5th Dist. Stark No. CA-8179, 1991 Ohio App. LEXIS 276 (Jan. 14, 1991), *State v. Kiefer*, 1st Dist. Hamilton No. C-30205, 2004-Ohio-5054, *State v. Nichols*, 5th Dist. Coshocton No. 01 CA 016, 2002-Ohio-4048.

{¶9} In *Wendell*, the Fifth District concluded that "[R.C. 2937.07] does not prescribe a time or sequence within which the explanation of circumstances must take place." *Id*. at 3. Accordingly, the court found that a suppression hearing conducted a month prior to the plea

provided the court and the defendant with an explanation of circumstances to support a guilty finding following a no contest plea. *Id.* Both *Kiefer* and *Nichols* relied on the *Wendell* court's conclusion in finding that a previously-held suppression hearing can satisfy the requirement in R.C. 2937.07. We disagree and rely on the precedent in our district.

{¶10} Contrary to the conclusions in *Wendell*, *Kiefer*, and *Nichols*, R.C. 2937.07 explicitly provides a time and sequence within which the explanation of circumstances must occur. Pursuant to R.C. 2937.07,

> A plea of * * * "no contest" * * * shall constitute an admission of the truth of the facts alleged in the complaint and that the judge * * * may make a finding of guilty or not guilty from the explanation of circumstances of the offense. * * * If a finding of guilty is made, the judge * * * shall impose the sentence or continue the case for sentencing accordingly.

According to the plain language of the statute, the explanation of circumstances occurs following the plea of "no contest" and prior to the court's determination of guilt, which of course is prior to sentencing.

{¶11} The explanation of circumstances requirement is not satisfied by a presumption that the court was aware of facts demonstrating the defendant's guilt that can be gleaned from documentary evidence in the court file. *Berea v. Moorer*, 2016-Ohio-3452, 55 N.E.3d 1186, ¶ 9 (8th Dist.), citing *Chagrin Falls v. Katelanos*, 54 Ohio App.3d 157, 158, 561 N.E.2d 992 (8th Dist.1988). An explanation of the circumstances is required so that the trial court does not simply make the finding of guilty in a "perfunctory fashion." *Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 151, 459 N.E.2d 532 (1984).

{¶12} Accordingly, any explanation of circumstances that occurs during a suppression hearing or subsequently at sentencing cannot be used to satisfy the requirements of R.C. 2937.07.

**{¶13}** The city also contends that the court's notation of the police report number on the journal entry finding Jones guilty is sufficient to form a factual basis. It is well established that a trial court speaks through its journal entries. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924. However, merely putting the police report number on the journal entry does not provide any information regarding the factual basis. "The question is not whether the court could have rendered an explanation of circumstances sufficient to find appellant guilty based on the available documentation but whether the court made the necessary explanation." *Bowers* at 151.

**{¶14}** Morever, the actual police report is not part of the trial court record for this court to even discern if it contained sufficient information for a factual basis. *See Elsing*, 8th Dist. Cuyahoga No. 105237, 2017-Ohio-6891, at ¶ 14 (although the record contains several documents that could have supported a finding of guilt, the trial judge did not reference any facts or materials for the record); *see, e.g., State v. Czech*, 6th Dist. Lucas No. L-13-1141, 2015-Ohio-458 (merely stating that the trial court "reviewed the complaint" is insufficient to satisfy a factual basis).

**{¶15}** In this case, because an explanation of circumstances was not presented, the trial court violated R.C. 2937.07 by entering a finding of guilt without a factual basis for the conviction at the time of the plea. Accordingly, Jones's conviction is vacated.

**{¶16}** Moreover, a trial court's failure to comply with R.C. 2937.07 results in insufficient evidence. *Elsing* at ¶ 11, citing *Moorer*, 2016-Ohio-3452, 55 N.E.3d 1186, at ¶ 22. "'As such, double jeopardy attaches, thereby preventing the state from getting a second chance to meet its burden.'" *Id.*, quoting *Moorer* at *id.*; *see also Euclid v. Derrick*, 8th Dist. Cuyahoga No. 105733, 2018-Ohio-286, ¶ 8, fn.1; *State v. Horvath*, 2015-Ohio-4729, 49 N.E.3d 847, ¶ 18 (3d

Dist.),   Accordingly, Jones's first assignment of error is sustained, and the case is remanded with instructions for the trial court to dismiss the charge.

{¶17} Finding merit to Jones's first assignment of error, his second and third assignments of error challenging the sufficiency of any explanation of circumstances and the denial of his motion to suppress are hereby rendered moot.   *See* App.R. 12.

{¶18} Judgment vacated and the case is remanded to the trial court with instructions.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

TIM McCORMACK, P.J., and
ANITA LASTER MAYS, J., CONCUR