EILEEN A. GALLAGHER, J.:
{¶1} Appellant Lucy McKernan appeals her convictions for prevention of hunting by creating noise in violation of R.C. 1533.031(A) and possession of criminal tools in violation of R.C. 2923.24(A) following her no-contest pleas in the Parma Municipal Court. McKernan contends that there is insufficient evidence to support her convictions and that the trial court erred in denying her motion to dismiss the charges because R.C. 1533.031 is unconstitutional on its face and as applied. For the reasons that follow, we reverse the trial court's judgment, vacate McKernan's convictions and discharge her.
Factual Background and Procedural History
{¶2} On November 22, 2017, McKernan and a friend were playing maracas and listening to a hand crank-powered radio while sitting beside a fire pit in a wooded area at 810 Hillside Road in Seven Hills, Ohio. McKernan and her friend had the owner's permission to be on the property. A hunter, Matthew James, who was attempting to hunt deer from a hunting stand on a neighboring property, complained to police that McKernan and her friend were using the maracas and radio to "spook" deer away from the location and interfering with his ability to bow hunt. McKernan was arrested and charged with one count of prevention of hunting by creating noise in violation of R.C. 1533.031(A) and possession of criminal tools in violation of R.C. 2923.24(A). The criminal complaint, sworn to by Seven Hills Police Officer Michael Greer, alleged that McKernan "[d]id use a maraca to create noise while standing on the property of 810 Hillside Road. This was done to prevent [the hunter] from lawfully hunting at the neighboring property of 954 Hillside Road." McKernan pled not guilty.
*900 {¶3} At a pretrial on January 24, 2018, McKernan moved to dismiss the charges, arguing that R.C. 1533.031 was unconstitutional because it was vague, was overbroad and punished constitutionally protected speech. The trial court denied the motion to dismiss, concluding that R.C. 1533.031(A) was not "speech related" because it regulated conduct, not the content of speech. McKernan withdrew her not guilty pleas and pled no contest to the charges against her but did not stipulate to a finding of guilt. The trial court accepted McKernan's no contest pleas. After the prosecutor read a "brief summary of the [police] report" and the trial court asked a few questions regarding the properties at issue, the trial court found McKernan guilty of both offenses.
{¶4} The trial court sentenced McKernan to 12 months probation on the possession-of-criminal-tools charge and a 10-day suspended jail sentence and $ 150 fine (with $ 50 suspended) on the prevention-of-hunting-by-creating-noise charge.
{¶5} McKernan appealed, raising the following two assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
The trial court erred to the prejudice of the defendant-appellant when it denied her motion to dismiss the charges based on unconstitutionality.
SECOND ASSIGNMENT OF ERROR:
The trial court erred to the prejudice of the defendant-appellant when it found defendant guilty without sufficient evidence.
Law and Analysis
{¶6} As an initial matter, we note that this court does not decide constitutional issues unless it is absolutely necessary to do so. See, e.g., Capital Care Network of Toledo v. Ohio Dept. of Health , 153 Ohio St.3d 362, 2018-Ohio-440, 106 N.E.3d 1209, ¶ 31 ; see also Cleveland v. Williams , 8th Dist. Cuyahoga No. 106454, 2018-Ohio-2937, 2018 WL 3600012, ¶ 13 (" 'Ohio law abounds with precedent to the effect that constitutional issues should not be decided unless absolutely necessary.' "), quoting Hall China Co. v. Pub. Util. Comm. , 50 Ohio St.2d 206, 210, 364 N.E.2d 852 (1977). Because McKernan's first assignment of error challenges the constitutionality of R.C. 1533.031, we consider her second assignment of error first.
{¶7} In her second assignment of error, McKernan contends that the trial court erred in finding her guilty because the evidence presented, i.e., the facts the city read into the record from the police report at the change-of-plea hearing, was insufficient to prove beyond a reasonable doubt that (1) she acted "purposefully" or (2) "a wild animal was being hunted at the time of her conduct."
{¶8} McKernan was convicted of prevention of hunting by creating noise in violation of R.C. 1533.031(A) and possession of criminal tools in violation of 2923.24(A). R.C. 1533.031(A) states:
No person shall purposely prevent or attempt to prevent any person from hunting a wild animal as authorized by this chapter by creating noise or loud sounds through the use of implements when the use of the implements is intended primarily to affect the behavior of the wild animal being hunted, when the hunting is taking place on lands or waters upon which the hunting activity may lawfully occur, and when the noise or loud sounds are created on lands or waters other than the lands or waters upon which the hunting activity may lawfully occur. "Implements" does not include items being used in the due *901 course of farming, forestry, or commercial practices.
{¶9} R.C. 2923.24(A) states:
No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally.
{¶10} A person acts "purposefully" "when it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature." R.C. 2901.22(A).
{¶11} R.C. 2937.07 and Crim.R. 11 set forth the procedure for taking a no-contest plea in a misdemeanor case. R.C. 2937.07 states:
A plea to a misdemeanor offense of "no contest" or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense.
See also Crim.R. 11(B)(2) ("With reference to the offense or offenses to which the plea is entered * * * [t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint[.]").
{¶12} Thus, even though a defendant admits the facts alleged in the complaint by pleading no contest - facts that presumably would support a guilty finding if the complaint is properly pled - R.C. 2937.07 requires that an explanation of the circumstances of the offense be set forth on the record. Cuyahoga Falls v. Bowers , 9 Ohio St.3d 148, 150, 459 N.E.2d 532 (1984) ("[A] no contest plea may not be the basis for a finding of guilt without an explanation of circumstances."). It further requires that the trial court determine the defendant's guilt or innocence "from the explanation of the circumstances of the offense." R.C. 2937.07.
{¶13} The Ohio Supreme Court recently addressed the explanation-of-circumstances requirement in Girard v. Giordano , 2018-Ohio-5024, 122 N.E.3d 151. The court stated that the explanation-of-circumstances requirement is "a procedural protection" that "allows the court to find a defendant not guilty when the facts of the case do not rise to the level of a criminal violation." Id. at ¶ 20.
{¶14} In Girard , the trial court accepted a defendant's no-contest plea to a charge of animal cruelty and found the defendant guilty, but did not request an explanation of the circumstances of the offense. Id. at ¶ 1.[1] The defendant appealed his conviction, arguing that the trial court had erred by failing to obtain an explanation of the circumstances of the offense before finding him guilty. The Eleventh District agreed. Reasoning that a reversal for failure to obtain an explanation of the circumstances was a reversal based on insufficient evidence and that jeopardy had attached, the Eleventh District reversed the defendant's conviction and discharged him from further prosecution. Id. at ¶ 1, 4. The city appealed. The Ohio Supreme Court reversed the Eleventh District. The court held that "[b]y neglecting to ask for an explanation of circumstances, the trial court failed to provide the defendant the procedural protection accorded by statute"
*902 but that the trial court's error did "not equate to a finding that there was insufficient evidence to convict" and that there would, therefore, be "no double jeopardy problem" in retrying the defendant under the circumstances. Id. at ¶ 21, 23. The court explained:
In entering his plea, [the defendant] admitted in open court to committing the essential elements of the crime for which he was charged. * * * [I]magine for a second that the trial judge in this case had called for an explanation of circumstances. The requirement could have been met by * * * the police officer who swore out the complaint, simply reciting the allegations of the complaint-the exact facts that [defendant] had already admitted to in pleading no contest. Or the prosecutor could have read the complaint word for word. * * * Had either occurred, the explanation-of-circumstances requirement would have been satisfied. Yet the evidence against him would have been exactly the same as it was here.
Our conclusion that there is no double-jeopardy problem here is consistent with the principle that has allowed the double-jeopardy protection to be extended from its original conception as applying only to an acquittal by a jury to applying to certain reversals by the courts of appeals. That is, a defendant who obtains a reversal based upon an appellate determination that the evidence is insufficient to convict ought to receive the same protection as a defendant who receives the same determination at the trial-court level. * * * The court of appeals' determination here was not that there was insufficient evidence of [the defendant's] crime but that the trial court erred in accepting [the defendant's] plea without affording him the protection of the explanation-of-circumstances requirement. * * * Because the error related to a defect in procedure, rather than the sufficiency of the evidence, the Double Jeopardy Clause does not bar [the defendant's] retrial.
Id. at ¶ 21-23. The court reversed the court of appeals' decision to discharge the defendant from further prosecution and remanded the case to the trial court for further proceedings. Id. at ¶ 24.
{¶15} In Girard , the court answered an "obvious question" it believed was "invite[d] by R.C. 2937.07":
If a no-contest plea constitutes an admission to the facts alleged in the complaint, why must the court consider an explanation of circumstances before finding a defendant guilty? If the facts to which the defendant has admitted constitute sufficient evidence for a finding of guilt, should not that be enough?
The answer is that the explanation-of-circumstances requirement exists to provide an extra layer of procedural protection to the defendant.
Id. at ¶ 14-15.
{¶16} However, the court did not address what is required before a trial court may properly find a defendant guilty "from the explanation of circumstances" under R.C. 2937.07.
{¶17} Prior to Girard , this court and others held that there must be a statement of facts on the record supporting all of the essential elements of the offense before a trial court could find a defendant guilty based on the explanation of the circumstances. See, e.g., Cleveland v. Wynn , 8th Dist. Cuyahoga No. 103969, 2016-Ohio-5417, 2016 WL 4399435, ¶ 12 ; Berea v. Moorer , 2016-Ohio-3452, 55 N.E.3d 1186, ¶ 9 (8th Dist.) ; State v. Robinson , 1st Dist. Hamilton No. C-170473, 2018-Ohio-1315, 2018 WL 1677937, ¶ 3 ; State v. Brown , 2017-Ohio-678, 86 N.E.3d 87, ¶ 6 (3d Dist.) ;
*903 State v. Harris , 4th Dist. Athens, 2018-Ohio-4316, 121 N.E.3d 21, ¶ 8. Facts demonstrating the defendant's guilt contained in documents in the court's file could be considered part of the explanation of the circumstances only if the record demonstrated that the trial court actually considered those documents in determining the defendant's guilt or innocence. Brown at ¶ 6 ; Cleveland v. Jones , 8th Dist. Cuyahoga, 2018-Ohio-4420, 120 N.E.3d 528, ¶ 11 ("The explanation of circumstances requirement is not satisfied by a presumption that the court was aware of facts demonstrating the defendant's guilt that can be gleaned from documentary evidence in the court file."); Moorer at ¶ 9 (" '[T]he mere fact that the court's record includes documents which could show the defendant's guilt will not suffice.' "), quoting Chagrin Falls v. Katelanos , 54 Ohio App.3d 157, 158, 561 N.E.2d 992 (8th Dist.1988).
{¶18} In Bowers , the Ohio Supreme Court stated: "The question is not whether the court could have rendered an explanation of circumstances sufficient to find appellant guilty based on the available documentation but whether the trial court made the necessary explanation in this instance." Bowers, 9 Ohio St.3d at 151, 459 N.E.2d 532. The court held that "the plea must be vacated"[2] where there was no indication that an explanation of circumstances had been provided or that the trial court had considered documentary evidence in the record that "might have been the basis for meeting the statutory requirement." Id. at 150-151, 459 N.E.2d 532. The court did not overrule Bowers in Girard . Instead, it distinguished Bowers and stated that Bowers "said nothing" about the issues to be decided in Girard , i.e., "whether double-jeopardy protections would bar retrial of the defendant" when no explanation of circumstances is provided and "whether a reversal for failure to obtain an explanation of the circumstances is equivalent to a reversal for insufficiency of evidence." Girard , 2018-Ohio-5024, 122 N.E.3d 151, at ¶ 16.
{¶19} Although the court in Girard did not state explicitly what is required in an explanation of the circumstances before the trial court can find a defendant guilty under R.C. 2937.07, it did provide two examples of what would "satisf[y]" the explanation-of-circumstances requirement: (1) a testifying witness "reciting the allegations" of a complaint that properly alleges the elements of a crime and (2) the prosecutor reading the complaint "word for word" into the record. Id. at ¶ 22. Based on the court's examples of what would satisfy the explanation-of-circumstances requirement and its failure to overrule Bowers , we believe a statement of facts - on the record - supporting all of the essential elements of the offense is still required before a trial court can find a defendant guilty under R.C. 2937.07.
{¶20} In Girard , the court acknowledged that there could be circumstances in which the "degree of protection" provided by the explanation-of-circumstances requirement would allow a court of appeals to reverse a defendant's conviction and discharge the defendant from further prosecution due to insufficiency of the evidence - notwithstanding the defendant's admission of the facts alleged in the complaint. As the court explained:
The explanation-of-circumstances requirement does, however, provide a degree of protection for the defendant. In essence, it allows a judge to find a defendant not guilty or refuse to accept his *904 plea when the uncontested facts do not rise to the level of a criminal violation. Bailey v. Broadview Hts. , 721 F.Supp.2d 653, 658 (N.D.Ohio 2010), aff'd 674 F.3d 499 (6th Cir.2012), citing Micale v. Boston Hts. , 113 F.3d 1235 (6th Cir.1997). The case of Springdale v. Hubbard , 52 Ohio App.2d 255, 369 N.E.2d 808 (1st Dist.1977), provides an example of the manner in which the explanation-of-circumstances requirement may protect a defendant even though he has admitted the allegations of the complaint. There, the complaint provided that the defendant " 'did recklessly cause annoyance to another by making an offensively course [sic] utterance contrary to and in violation of Section 648.04(A) of the Springdale Codified Ordinances.' " Id. at 256 [369 N.E.2d 808]. In order to ensure compliance with the First Amendment, the court of appeals construed the ordinance to prescribe only speech that constituted fighting words. Id. at 260 [369 N.E.2d 808]. The court reviewed the statements made by the defendant as recounted in the explanation of circumstances and concluded that the defendant's statement did amount to fighting words, and thus upheld the conviction. Id. Presumably, had the explanation of circumstances revealed that the defendant did not use fighting words, the court would have reversed the conviction and discharged him from further prosecution due to insufficiency of the evidence.
Id. at ¶ 18.
{¶21} In this case, the explanation of the circumstances underlying the trial court's guilty findings consisted of (1) the prosecutor reading "a brief summary of the [police] report" and (2) answers to the trial court's questions regarding the properties at issue and whether McKernan was lawfully on the 810 Hillside Road property at the time of the incident. There is nothing in the explanation of circumstances that indicates that McKernan knew that Matthew James (or anyone else) was attempting to hunt when she was making noise with the maracas.[3] Without facts establishing that McKernan knew someone was attempting to hunt when she was making noise with the maracas, it could not be said that she "purposely prevent[ed] or attempt[ed] to prevent any person from hunting a wild animal * * * by creating noise or loud sounds through the use of implements when the use of the implements is intended primarily to affect the behavior of the wild animal being hunted," as required for a conviction under R.C. 1533.031(A). Likewise, it could not be said that she possessed the maracas "with purpose to use [them] criminally," as required for a conviction under R.C. 2923.24(A).
{¶22} In this case, as in Girard, the complaint alleged facts sufficient to establish all of the essential elements of the charged offenses. However, R.C. 2937.07 requires the trial court to "make a finding of guilty or not guilty from the explanation of the circumstances of the offense" - not from the facts admitted in the complaint by virtue of the defendant's no contest plea (or any other source). (Emphasis added.)
{¶23} Girard is different from this case in that, in Girard , the trial court failed to request any explanation of the circumstances *905 of the offense. In this case, an explanation of the circumstances was provided, but it did not establish all of the essential elements of the offenses at issue. In other words, in Girard, it was the "judicial process" that was "defective." Girard, 2018-Ohio-5024, 122 N.E.3d 151, at ¶ 23. In this case, it was the substance of the explanation of circumstances provided by the state that was "defective." Accordingly, Girard does not control the result here.[4]
{¶24} Under Girard, where a trial court fails to call for an explanation of the circumstances prior to making a guilty finding, the remedy is a "do over," i.e., the trial court's guilty finding is vacated and the case is remanded for the trial court to request an explanation of the circumstances and to make a finding of the defendant's guilt or innocence from the explanation of the circumstances provided.
{¶25} The Ohio Supreme Court likened the result in Girard to a reversal "based on 'trial error'-for example, an erroneous admission of evidence -" which does not preclude a retrial. Id. at ¶ 11, 23.
{¶26} Where, as here, however, an explanation of circumstances is provided but the explanation of circumstances does not support a guilty finding, we believe the situation is more akin to a failure to introduce sufficient evidence that was available. If the state fails to introduce all of the available evidence at trial and the evidence it presents is insufficient to support a conviction, the remedy is not to give the state a "do over." Rather, the trial court must find the defendant not guilty based on the evidence presented.
{¶27} Furthermore, if, as the court stated in Girard , the explanation-of-circumstances requirement is intended to serve as procedural "protection" for a defendant, see Girard at ¶ 15, 18-20, it would not seem that the state should simply be given another opportunity to explain and substantiate its charges against a defendant if the explanation of the circumstances it provides the first time (or a second or third time) is deemed insufficient to support a guilty finding.
{¶28} Because the explanation of the circumstances provided by the state did not include facts supporting all of the essential elements of the offenses at issue, we conclude that the trial court erred in finding McKernan guilty of those offenses. We further find that jeopardy has attached and that a remand for a new determination of guilt or innocence is barred by double jeopardy. Accordingly, we reverse the trial court, vacate McKernan's convictions and discharge McKernan.
*906 {¶29} McKernan's second assignment of error is sustained. Based on our resolution of McKernan's second assignment of error, her first assignment of error is moot.
{¶30} Judgment reversed; convictions vacated.
MARY J. BOYLE, P.J., CONCURS;
MICHELLE J. SHEEHAN, J., DISSENTS WITH SEPARATE OPINION

The defendant also signed a written plea agreement, "stipulating to the underlying facts contained in [the] complaint." Id. at ¶ 3.

In Girard , the court stated that it concluded in Bowers that "the guilty finding had to be vacated." Girard, 2018-Ohio-5024, 122 N.E.3d 151, at ¶ 15, citing Bowers at 151, 459 N.E.2d 532.

We also note that there is no indication in the record that the trial court advised McKernan of the effect of her no contest pleas prior to accepting her pleas. See Crim.R. 11(E) ("In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty.").

In Girard , the court indicated that it "disagree[d]" with the conclusion of "a number of appellate districts" that "reversal of a conviction for failure to comply with R.C. 2937.07 causes jeopardy to attach and precludes the state from retrying the matter" and stated that these courts improperly "assumed that a reversal for failure to comply with the explanation-of-circumstances requirement is equivalent to an acquittal based on insufficiency of the evidence." Girard , 2018-Ohio-5024, 122 N.E.3d 151, at ¶ 16. However, the cases the court cited in support of this proposition were cases in which the trial court failed to call for an explanation of the circumstances, not cases, such as this case, in which the state provided an explanation of the circumstances on the record, but the explanation of the circumstances lacked sufficient facts to support the trial court's guilty finding. See id. at ¶ 16, fn. 1, citing State v. Stewart , 2d Dist. Montgomery No. 19971, 2004-Ohio-3103, 2004 WL 1352628 ; State v. Smyers , 5th Dist. Muskingum No. CT 2004-0039, 2005-Ohio-2912, 2005 WL 1384630 ; State v. Fordenwalt , 9th Dist. Wayne No. 09CA0021, 2010-Ohio-2810, 2010 WL 2489592 ; State v. Horvath , 2015-Ohio-4729, 49 N.E.3d 847 (3d Dist.) ; State v. Lloyd , 2016-Ohio-331, 58 N.E.3d 520 (6th Dist.) ; Berea v. Moorer , 2016-Ohio-3452, 55 N.E.3d 1186 (8th Dist.).