[Cite as *Bedford City Schools Bd. of Edn. v Cuyahoga Cty. Bd. of Revision*, 2024-Ohio-1894.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

BEDFORD CITY SCHOOLS BOARD  :
OF EDUCATION,

          :

   Plaintiff-Appellant,

          :    No. 112878

   v.

          :

CUYAHOGA COUNTY BOARD OF
REVISION, ET AL.,      :

   Defendants-Appellees.  :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 16, 2024

---

Administrative Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-975982

---

### *Appearances:*

The Law Office of Thomas A. Kondzer, LLC, Thomas A. Kondzer, and Joseph A. Volpe, *for appellant*.

Sleggs, Danzinger & Gill Co., LPA, Robert K. Danzinger, and Elizabeth Grooms Taylor, *for appellee* G.K. Family Corp.

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Plaintiff-appellant, the Bedford City Schools Board of Education ("Bedford Schools"), appeals the dismissal of its administrative appeal of a tax-

valuation decision concerning real property owned by defendant-appellee G.K. Family Corp.  The Cuyahoga County Board of Revision and the Cuyahoga County Fiscal Officer are also named as defendants-appellees in the matter.

{¶ 2} In this appeal we must decide whether R.C. 2506.01 allows a board of education to appeal a board of revision's valuation decision to a common pleas court when the board does not own the real estate at issue.  For the reasons that follow, we hold that it does not and we affirm the dismissal of Bedford Schools' administrative appeal.

## I.     Factual Background and Procedural History

{¶ 3} On March 22, 2022, appellee G.K. Family Corp. (the "property owner") filed a complaint with the Cuyahoga County Board of Revision against the valuation of a parcel of real estate that it owned.[1]  The fiscal officer had assigned a total value, for tax purposes, of $2,032,600 to the property for tax year 2021.  The property owner sought a reduction in the valuation to $1,575,000.

{¶ 4} The property, identified by parcel number 791-13-005, is located within the Bedford City School District.  Bedford Schools filed a countercomplaint in the board of revision case, advocating for a valuation of $1,800,000.

{¶ 5} The board of revision granted the property owner's request, reducing the assessed value of the property to $1,575,000 — a reduction of $457,600.

---

[1] Ohio Board of Revision Nos. 791-13-005-2021 and 791-13-005-2021-C.

{¶ 6} Bedford Schools then appealed the board of revision's decision to the Ohio Board of Tax Appeals[2] and, separately, to the Cuyahoga County Court of Common Pleas.  The latter proceeding has led to the case at bar.

{¶ 7} The property owner filed a motion to dismiss the administrative appeal in the common pleas court on March 20, 2023, arguing that the court lacked jurisdiction to hear the appeal.

{¶ 8} On May 18, 2023, the trial court dismissed the administrative appeal, holding that it had no jurisdiction to consider it because "it is undisputed that the property is not in [Bedford Schools'] name."  (Emphasis deleted.)

{¶ 9} Bedford Schools appealed,[3] raising the following assignment of error for review:

> The court of common pleas acted contrary to Ohio law, when it ruled that (1) only R.C. 5717.05 may be used to appeal a board of revision decision to the common pleas court and (2) the appellant, therefore, may not pursue an appeal of a board of revision decision to the common pleas court under R.C. 2506.01.

---

[2] Ohio Board of Tax Appeals No. 2023-405.

[3] Appellant's counsel is reminded of Loc.App.R. 19(A)(2), which requires that the margins in a brief be at least one inch on all four sides.  Lines in the appellant's brief that improperly fell within the margin were rendered difficult to read by the overlay of electronic filing stamps.

## II. Law and Analysis

### A. Legal Background

{¶ 10} A bit of background explains the procedural posture of this appeal and the context of the decision we must reach about a board of education's ability to appeal a tax-valuation decision to the common pleas court.

{¶ 11} Title 57 of the Ohio Revised Code concerns taxation; its Chapter 5717 concerns appeals from certain tax decisions, including valuation decisions made by a county board of revision. The General Assembly made several significant changes to the tax statutes through Am.Sub.H.B. 126, effective July 21, 2022. Among other changes, the bill removed a school board's ability to take an appeal to the board of tax appeals from a decision of a county board of revision concerning the value of property that the school board does not own or lease.

{¶ 12} As amended, R.C. 5717.01 reads as follows:

> An appeal from a decision of a county board of revision may be taken to the board of tax appeals within thirty days after notice of the decision of the county board of revision is mailed as provided in [R.C. 5715.20(A)]. Such an appeal may be taken by the county auditor, the tax commissioner, or any board, legislative authority, public official, or taxpayer authorized by [R.C. 5715.19] to file complaints against valuations or assessments with the auditor, *except that a subdivision that files an original complaint or counter-complaint under that section with respect to property the subdivision does not own or lease may not appeal the decision of the board of revision with respect to that original complaint or counter-complaint.*

(Emphasis added.) R.C. 5717.01.

{¶ 13} In the time since that law went into effect, school boards have litigated several arguments concerning how these amendments should be interpreted. For

example, can a school board appeal an adverse decision to the board of tax appeals with respect to a countercomplaint the board filed before the law's effective date? The board of tax appeals has said no. *E.g.*, *N. Ridgeville City School Bd. of Edn. v. Lorain Cty. Bd. of Revision*, Ohio Board of Tax Appeals No. 2022-1152, 2022 Ohio Tax LEXIS 2518 (Oct. 31, 2022). Several courts of appeals have said yes. *E.g.*, *Marysville Exempted Village Schools Bd. of Edn. v. Union Cty. Bd. of Revision*, 2023-Ohio-2020, 218 N.E.3d 217 (3d Dist.), *discretionary appeal accepted*, *10/24/2023 Case Announcements*, 2023-Ohio-3789.[4] And the Ohio Supreme Court has accepted an appeal to review the following propositions of law:

> Under the plain reading of Amended R.C. 5717.01, a board of education has no authority to appeal a decision of a board of revision issued after July 21, 2022. A court cannot delay the effectiveness of the legislation by reading into the statute a later effective date not expressly provided by the General Assembly.
>
> Amended R.C. 5717.01 is prospective as written.
>
> Amended R.C. 5717.01 is remedial legislation that is not a prohibited retroactive law.

*Marysville Exempted Village Schools Bd. of Edn. v. Union Cty. Bd. of Revision*, *et al.*, Ohio Supreme Court No. 2023-0964.

---

[4] *See also Lancaster City School Dist. Bd. of Edn. v. Fairfield Cty. Bd. of Revision*, 5th Dist. Fairfield No. 23 CA 02, 2023-Ohio-3985 (appeal accepted by the Ohio Supreme Court, Case No. 2023-1602); *Olentangy Local School Bd. of Edn. v. Delaware Cty. Bd. of Revision*, 5th Dist. Delaware Nos. 23 CAH 01 0003 and 23 CAH 01 0004, 2023-Ohio-3984 (same, Ohio Supreme Court Case No. 2023-1605); *New Albany–Plain Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 10th Dist. Franklin Nos. 22AP-732, 22AP-733, 22AP-737, 22AP-738, 22AP-743, 22AP-744, 22AP-746, 22AP-747, 22AP-748, 22AP-749, 22AP-750 and 22AP-751, 2023-Ohio-3806 (same, Ohio Supreme Court Case Nos. 2023-1538, 2023-1551, 2023-1554, 2023-1555, 2024-0047, 2024-48, 2024-49, 2024-50 and 2024-0051).

{¶ 14} Our court has not had occasion to consider that particular question yet,[5] but it is tangentially raised in this appeal. As Bedford Schools argued in the trial court:

> If the appeal provisions in H.B. 126 apply retroactively, then the BTA has no jurisdiction to hear the appeal and this court (the trial court) must exercise its jurisdiction to hear the appeal. Conversely, if the appeal restrictions of H.B. 126 apply only prospectively, then the BTA must exercise jurisdiction over the appeal and this court does not have jurisdiction.

{¶ 15} As discussed further below, we need not answer that question in this appeal. Whether the amendments apply retroactively or prospectively does not affect the school board's ability to appeal a valuation decision to the common pleas court. R.C. 5717.05, which concerns appeals from these valuation decisions to courts of common pleas, remained unchanged through the amendments. That statute provides that, as an alternative to an appeal to the board of tax appeals, "an appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county *by the person in whose name the property is listed or sought to be listed for taxation.*" (Emphasis added.) R.C. 5717.05.

---

[5] Cases that have raised the argument in this court to date have been dismissed, either voluntarily at the request of the appellant or pursuant to a motion to dismiss. *See Bedford City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. Cuyahoga No. 112852 (voluntarily dismissed); *Warrensville City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. Cuyahoga No. 112360 (same); *Olmsted Falls City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. Cuyahoga Nos. 112362 and 112363 (dismissed on motion).

**B. The Parties' Positions and Caselaw**

{¶ 16} Bedford Schools' argument — that the common pleas court has jurisdiction if the BTA does not — is based on Bedford Schools' reading of R.C. 2506.01(A). That statute provides as follows:

> [E]very final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is location as provided in Chapter 2505. of the Revised Code.

{¶ 17} "Final order, adjudication, or decision" is defined as follows:

> [The term] means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided * * *.

R.C. 2506.01(C).

{¶ 18} Bedford Schools argues that as soon as it can no longer appeal an adverse board of revision decision to the board of tax appeals, this statute operates to allow it to appeal to a common pleas court because — at that point — no appeal is "granted [to it] by rule, ordinance or statute to a higher administrative authority."

{¶ 19} In other words, a school board that receives an adverse ruling from a board of revision (concerning a property it does not own) stands before two doors, one leading to the BTA and the other leading to the common pleas court. Prior to H.B. 126, the door to the BTA (the former R.C. 5717.01) stood open while the other door (R.C. 2506.01) was locked. H.B. 126 closed the door to the BTA (either effective

for both pending and future cases or effective only for cases filed after the law came into effect), but when that door closed (or closes), the other door sprung open (or will do so).

{¶ 20} Bedford Schools cites to no appellate caselaw supporting its reading of R.C. 2506.01 but it insists that the statute clearly allows it to appeal to the common pleas court if there is no longer a mechanism for it to appeal to the BTA. It points out that a common pleas court issued a journal entry affirming a board of revision valuation decision in another administrative appeal that it filed ostensibly under R.C. 2506.01, suggesting that the trial court implicitly concluded that (1) Bedford Schools had standing to pursue the appeal and (2) the court had jurisdiction to hear that appeal. *See Bedford City Schools Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, Cuyahoga C.P. No. CV-23-975980, Journal Entry (May 11, 2023). However, we note that the property owner in that matter did not file a motion to dismiss or — it seems from a review of the docket[6] — otherwise assert an argument regarding the court's jurisdiction or Bedford Schools' standing.[7] *See also Strongsville City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*,

---

[6] "An appellate court is permitted to take judicial notice of publicly accessible online court dockets." *Fipps v. Day*, 8th Dist. Cuyahoga No. 111633, 2022-Ohio-3434, ¶ 2, fn. 1, citing *State ex rel. Everhard v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516; *State v. Estridge*, 2d Dist. Miami No. 2021-CA-25, 2022-Ohio-208, ¶ 12, fn. 1 ("We note that it is a common practice for appellate courts to take judicial notice of publicly accessible online court dockets.").

[7] Moreover, Bedford Schools filed an appeal in this court from the trial court's order but the appeal was voluntarily dismissed after the parties reached a settlement. *Bedford City Schools Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. Cuyahoga 112852, Motion No. 567714 (Sept. 14, 2023).

Cuyahoga C.P. No. CV-23-983163, Journal Entry (Dec. 30, 2023) (granting a motion to remand a valuation case to the board of revision, but the motion was unopposed).

{¶ 21} Here, the property owner filed a motion to dismiss and responds that R.C. Chapter 2506 "is a general statute and is silent as to who has standing to file an administrative appeal." It further asserts that Bedford Schools has no standing to file an administrative appeal to the common pleas court from a decision affecting property that Bedford Schools does not own.

{¶ 22} The property owner directs us to a recent opinion issued by a panel of the Fifth District Court of Appeals, in which the court held as follows:

> [W]e find that R.C. 5717.01 (and R.C. 5717.05) was enacted subsequent to R.C. 2506.01 and that such statute, through its newly enacted revisions, prohibits an appeal from a decision of the board of revision by a board of education to either the BTA or the common pleas court.

*Lancaster City School Dist. Bd. of Edn. v. Fairfield Cty. Bd. of Revision*, 5th Dist. Fairfield No. 2023 CA 00039, 2024-Ohio-1561, ¶ 45.[8]

{¶ 23} The property owner also directs us to trial court decisions supporting its argument. *See Cleveland Mun. School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, Cuyahoga C.P. No. CV-23-983161, Journal Entry (Oct. 2, 2023) ("The specific language (of R.C. 5717.01) prohibiting an appeal governs over the general language of R.C. 2506, et seq., which governs administrative appeals generally."); *Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision*, Delaware

---

[8] To be clear, the original version of R.C. 2506.01 was enacted before the original version of R.C. 5717.05. R.C. 2506.01 has been more recently amended.

C.P. No. 23 CV F 06 0362 (Aug. 21, 2023) ("[The board of education] does not claim that it owns the property at issue here. Thus, [it] lacks statutory standing to file an appeal with this Court under R.C. 2506.01."); *Lancaster City Schools Bd. of Edn. v. Fairfield Cty. Bd. of Revision*, Fairfield C.P. No. 2023CV00329 (Sept. 27, 2023) ("[R.C. 2506.01] alone is insufficient to confer jurisdiction on this Court."), *Westerville City Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision*, Delaware C.P. No. 23 CV F 10 0805 (Jan. 2, 2024) ("Board of Education does not claim that it owns the property at issue here, and thus, it lacks standing to file an appeal to this Court.").

{¶ 24} The trial court in the case at bar agreed with the property owner. It reasoned that a common pleas court does not have jurisdiction to hear a board of revision appeal except that jurisdiction set forth in R.C. 5717.05. *See Spencer Trust v. Summit Cty. Bd. of Revision*, 9th Dist. Summit Nos. 27373, 27374 and 27375, 2015-Ohio-4010, ¶ 7; *Huber Hts. Circuit Courts v. Carne*, 74 Ohio St.3d 306, 308, 658 N.E.2d 744 (1996) ("R.C. 5717.05 sets forth who may appeal, how one appeals, whom the appellant names as appellees, and how the appellant serves appellees with notice of the appeal. We read this statute as mandatory and jurisdictional."); *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 144 Ohio St.3d 128, 135, 2015-Ohio-4304, 41 N.E.3d 396, ¶ 28 ("R.C. 5717.05 gives an owner two options for appeal but gives a board of education only one option.") (emphasis deleted).

{¶ 25} It further reasoned that Bedford Schools' argument that it retained a right to appeal under R.C. 2506.01 "is inconsistent with the legislature's intent"

because "in addition to the general right to appeal administrative decisions found in R.C. 2506.01, the legislature chose to draft two more specific statutes that apply to board of revision appeals specifically" and the legislature recently removed a school board's ability to appeal to the board of tax appeals when it is not the property owner. Because it was undisputed that Bedford Schools did not own the property at issue here, the trial court held that it had no jurisdiction to hear an appeal from the board of revision decision.

{¶ 26} Having set forth this background and the parties' arguments on this question, we turn to our own consideration of the issue.

**C. Analysis**

{¶ 27} The trial court dismissed Bedford Schools' complaint pursuant to Civ.R. 12(B)(6) (failure to state a claim upon which relief can be granted).

{¶ 28} We review rulings on Civ.R. 12(B)(6) motions to dismiss under a de novo standard. "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. * * * Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party." *NorthPoint Props. v. Petticord*, 179 Ohio App.3d 342, 2008-Ohio-5996, 901 N.E.2d 869, ¶ 11 (8th Dist.). "For a trial court to grant a motion to dismiss for failure to state a claim upon which relief can be granted, it must appear 'beyond doubt from the complaint that the plaintiff can prove no set of facts entitling her to relief.'" *Graham v. Lakewood*, 2018-Ohio-1850, 113 N.E.3d 44, ¶ 47 (8th Dist.), quoting *Grey v.*

*Walgreen Co.*, 197 Ohio App.3d 418, 2011-Ohio-6167, 967 N.E.2d 1249, ¶ 3 (8th Dist.).

{¶ 29} "It is well established that before an Ohio court can consider the merits of a legal claim, the person seeking relief must establish standing to sue." *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 469, 715 N.E.2d 1062 (1999). "An action brought by a party that lacks standing will be dismissed." *State ex rel. Ohio Stands Up!, Inc. v. DeWine*, 167 Ohio St.3d 248, 2021-Ohio-4382, 192 N.E.3d 371, ¶ 5.

{¶ 30} After careful consideration, we agree with the trial court and the property owner that, in light of the existence of R.C. 5717.01 and 5717.05 — more specific statutes than R.C. 2506.01 — R.C. 2506.01 does not confer standing upon a school board to appeal a board of revision decision over someone else's property to a common pleas court.

{¶ 31} "The courts of common pleas * * * shall have * * * such powers of review of proceedings of administrative officers and agencies as may be provided by law." Ohio Constitution, Article VI, Section 4(B). "[T]here is no inherent right to appeal an administrative decision; rather, the right must be conferred by statute." *Yanega v. Cuyahoga Cty. Bd. of Revision*, 156 Ohio St.3d 203, 2018-Ohio-5208, 124 N.E.3d 906, ¶ 10, citing *Midwest Fireworks Mfg. Co., Inc. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174, 177, 743 N.E.2d 894 (2001).

{¶ 32} R.C. 2506.01 "permits parties to appeal the final decisions of political subdivisions that result from a quasi-judicial proceeding in which notice, a hearing,

and the opportunity for the introduction of evidence have been given." *AT&T Communications of Ohio v. Lynch*, 132 Ohio St.3d 92, 2012-Ohio-1975, 969 N.E.2d 1166, ¶ 8. But "while providing generally for administrative appeals from administrative determinations by political subdivisions, [that statute] does not address the question of *who* has standing to bring such an appeal." *Willoughby Hills v. C.C. Bar's Sahara*, 64 Ohio St.3d 24, 26, 591 N.E.2d 1203 (1992).

{¶ 33} At first blush, Bedford Schools' argument may seem logical. Courts construing R.C. 2506.01 over the years have found third-party standing to a greater or lesser degree in the context of certain agency appeals — zoning appeals, for instance.

{¶ 34} It has been clearly established that R.C. 2506.01 does not limit standing in zoning appeals only to the property owner whose property is the subject of the case. *See, e.g.*, *Willoughby Hills* at 26. "Adjacent or contiguous property owners who oppose and participate in the administrative proceedings concerning the issuance of a variance are equally entitled to seek appellate review under R.C. 2506.01." *Id.*, citing *Roper v. Bd. of Zoning Appeals*, 173 Ohio St. 168, 180 N.E.2d 591 (1962), at syllabus. Moreover, any third-party private property owner has standing to appeal in those cases where the property owner "actively participated at the administrative hearing and has been directly affected by the [board of zoning appeals] decision." *See, e.g.*, *Kurtock v. Cleveland Bd. of Zoning Appeals*, 8th Dist. Cuyahoga No. 100266, 2014-Ohio-1836, ¶ 11. In that context, a private property owner is "directly affected" by a decision "when the party can demonstrate a unique

harm" beyond any general harm suffered by the public at large. *See, e.g., id.* (distinguishing increased traffic, which affects the public at large, from a diminution in the third party's property value). And a municipality need not even demonstrate that it was "directly affected" by an adverse board of zoning-appeals decision to establish standing to appeal in the common pleas court. *Willoughby Hills* at 28–31 ("[W]here a municipality's charter or its ordinances expressly allow the municipality to seek appellate review of determinations made by its board of zoning appeals, the municipality has standing pursuant to R.C. 2506.01 to 'attack or avoid' such decisions in the common pleas court.").

{¶ 35} The courts' approach to standing in these board of zoning appeals matters suggests that, if one were to look solely at R.C. 2506.01 and consider only the traditional principles of standing, it is conceivable that a third party could establish standing to appeal a board of revision decision to the common pleas court, at least under some circumstances.

{¶ 36} Moreover, the idea that a property owner can appeal a valuation decision if they lose, but that a school board that appears and opposes the property owner's requested valuation cannot appeal if the owner wins, could be seen to resemble the "repugnant" "heads I win, tails you lose" structure that the Ohio Supreme Court criticized — in the context of zoning appeals — as contrary to the intention of the General Assembly when it enacted R.C. 2506.01. *See Roper* at 173.

{¶ 37} Finally, the property owner's position here could seem to frustrate the purpose of R.C. 2506.01, which is to ensure that there is judicial review available

when "local quasi-judicial decisions" are "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." *See Willoughby Hills* at 31. In simple terms, under that reading, a school board could not obtain judicial review of even a clearly arbitrary, capricious or unsupported valuation decision that favors a property owner.

{¶ 38} There is, however, a large caveat to these observations. R.C. 2506.01 "provides an aggrieved party an additional avenue of relief *that is not expressly prohibited by a subsequently enacted statute*." (Emphasis added.) *Nuspl v. Akron & Anderson v. Akron*, 61 Ohio St.3d 511, 515, 575 N.E.2d 447 (1991).

{¶ 39} Because "there is no inherent right to appeal an administrative decision," *e.g., Yanega*, 156 Ohio St.3d 203, 2018-Ohio-5208, 124 N.E.3d 906, at ¶ 10, the responsibility for deciding whether to confer an appeal right, and for delineating the limits of any appeal rights given, rests with the General Assembly.

{¶ 40} With this in mind, we turn at last to a consideration of R.C. Chapter 5717, the original version of which was enacted after the first version of R.C. 2506.01 and which specifically sets forth the appeal rights and procedures the General Assembly has seen fit to enact with respect to decisions of county boards of revision.

{¶ 41} Even prior to the recent amendments to this Chapter, the Chapter gave "*an owner* two options for appeal but [gave] *a board of education* only one option," that being to the board of tax appeals. (Emphasis sic.) *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 144 Ohio St.3d 128, 2015-Ohio-

4304, 41 N.E.3d 396, ¶ 28 (discussing the former R.C. 5717.01 and R.C. 5717.05). Because the General Assembly expressly prohibited an administrative appeal by a school board to the court of common pleas in enacting these specific statutes, R.C. 2506.01 no longer provides an additional avenue of relief (if it ever did). *See Nuspl* at 515; *see also Acme Engineering Co. v. Jones*, 150 Ohio St. 423, 83 N.E.2d 202 (1948), at syllabus ("A special statutory provision which applies to a specific subject matter constitutes an exception to a general statutory provision covering other subjects as well as the specific subject matter which might otherwise be included under the general provision.").

{¶ 42} After the General Assembly enacted these specific statutes dealing with appeals of valuation decisions made by boards of revision, R.C. 5717.05 exclusively "set[] forth who may appeal [to the common pleas court], how one appeals, whom the appellant names as appellees, and how the appellant serves appellees with notice of the appeal"; the statute is "mandatory and jurisdictional." *See Huber Hts. Circuit Courts v. Carne*, 74 Ohio St.3d 306, 308, 658 N.E.2d 744 (1996).

{¶ 43} When one considers the recent amendments, the General Assembly's intent to limit appeals of these decisions by local school boards becomes even clearer. The legislature, through Am.Sub.H.B. 126, eliminated a school board's ability to appeal a decision of the board of revision even to the BTA, with respect property that it does not own or lease. *See* above at paragraphs 11–12.

{¶ 44} Therefore, we join the Fifth District Court of Appeals in holding that R.C. 5717.01 and 5717.05 prevail, that those statutes are clear and unambiguous and expressly prohibit a school board from appealing a valuation decision to the common pleas court when it does not own or lease the property at issue and that R.C. 2506.01 does not confer statutory standing to appeal such a decision either.[9] *See also Olentangy Local School Dist. Bd. of Edn. v. Del. Cty. Bd. of Revision*, 5th Dist. Delaware Nos. 23 CAE 09 0054, 0057, 0058, 0059, 0060, 0061 and 0082, 2024-Ohio-1566.

{¶ 45} Bedford Schools' assignment of error is overruled.

## III. Conclusion

{¶ 46} Having overruled Bedford Schools' sole assignment of error for the reasons stated above, we affirm.

The court finds there were reasonable grounds for this appeal.

It is ordered that the appellees recover from the appellant the costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

---

[9] We note that our conclusion is also consistent with the opinion rendered by a panel of this court in *Cleveland Mun. Sch. Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. Cuyahoga No. 113334, which is being released contemporaneously with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
MARY J. BOYLE, J., CONCUR