OPINION
{¶ 1} On November 18, 2006, a Fairfield Township police officer stopped a vehicle operated by defendant-appellant, Jay P. Cox, on Princeton Road when Cox failed to signal a turn. A routine validation check revealed that Cox had failed to reinstate his operator's license by not paying a reinstatement fee to the bureau of motor vehicles for a license suspension that was in effect from February through May 2006.
 {¶ 2} Cox was cited on a first-degree misdemeanor charge of failure to reinstate. He pled no contest, was found guilty as charged, and sentenced of record. *Page 2 
 {¶ 3} In a pro se appeal, Cox presents two "Issues" which this court interprets as an assignment of error claim ing that the explanation of circumstances was insufficient to support the finding of guilty.[1]
 {¶ 4} Cox was convicted of violating R.C. 4510.21(A) which provides, in relevant part, that: "No person whose driver's license * * * has been suspended shall operate any motor vehicle upon a public road * * * after the suspension has expired unless the person has complied with all license reinstatement requirements imposed by the court, the bureau of motor vehicles, or another provision of the Revised Code."
 {¶ 5} Before a court may rely on a no contest plea to convict a defendant of a misdemeanor offense, the court must receive an explanation of circumstances. Middletown v. Carpenter, Butler App. No. CA2006-01-004, 2006-Ohio-3625, ¶ 6. If the explanation of circumstances does not support all the elements of the offense, the defendant has a substantive right to be acquitted. State v. Spence, Clermont App. No. CA2002-02-012, 2002-Ohio-3600, ¶ 11.
 {¶ 6} The explanation of circumstances provided by the prosecutor indicated that at the time of the traffic stop Cox had failed to reinstate his license following a prior suspension. This was the result of Cox not paying the reinstatement fee following a license suspension in early 2006. In all other respects, the trial court complied with Crim.R. 11 by explaining the plea and its effects, the penalties that could be imposed upon a finding of guilty, and the rights Cox would waive by entering a no contest plea.
 {¶ 7} We conclude that the explanation of circumstances supports the trial court's guilty finding based upon Cox's no contest plea to the charge of driving while failing to *Page 3 
 {¶ 8} For the reasons set forth above, Cox's assignment of error is overruled.
 {¶ 9} Judgment affirmed.
YOUNG, P.J. and WALSH, J., concur.
[1] Having pled no contest to the charge, Cox is prohibited from claiming that the conviction is against the weight of the evidence. SeeState v. Kearns, Richland App. No. 01-CA6, 2001-Ohio-1741; State v.Wells (Feb. 16, 1999), Warren App. No. CA98-05-057. Thus, we can only construe Cox's arguments as a challenge that there was insufficient evidence in the explanation of circumstances to support the conviction. *Page 1