KATHLEEN ANN KEOUGH, J.:
*483 {¶ 1} Defendant-appellant Derrick J. Cannon ("Cannon") was charged with assault in violation of Euclid Codified Ordinance ("Cod. Ord.") 537.02(A) after an altercation between Cannon and his daughter's boyfriend. Euclid Cod. Ord. 537.02(A) provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another * * *," violation of which is a first-degree misdemeanor punishable by up to six months in jail and a fine not to exceed $1,000.
{¶ 2} Cannon appeared before the municipal court and entered a plea of no contest. After confirming that Cannon understood the rights he was waiving by entering his plea, the judge asked him, "what happened on December 1st, sir?" Cannon described the events leading to the incident. He said that his ten-year-old granddaughter is on medication for behavioral issues, and when he went into his daughter's house that day, he saw his daughter's boyfriend standing in front of his granddaughter screaming "hit me, hit me," as if he were getting ready to hit her. Cannon said he stepped in between them, moved his granddaughter away, and told the boyfriend not to do that to his granddaughter. He said the boyfriend still had his hand back as if to hit someone, and Cannon thought the boyfriend then moved at him. Cannon stated that he then "just went to grab him and push him to the wall to try to diffuse. And we struggled a little bit against the wall * * *."
{¶ 3} The judge told Cannon that "[b]ased on what you told me, sir, I'm going to find you guilty." The judge subsequently sentenced Cannon to one year of community control sanctions. This appeal followed.
{¶ 4} Cannon argues that his conviction should be vacated and he should be discharged because the state did not present an explanation of the circumstances as required by R.C. 2937.07.
{¶ 5} R.C. 2937.07, which governs no contest pleas in misdemeanor cases, states:
A plea to a misdemeanor offense of "no contest" or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense.
{¶ 6} Under R.C. 2937.07, when a court finds a defendant guilty after that defendant has entered a no contest plea, the record must provide an "explanation of circumstances" that includes a statement of the facts supporting all of the essential elements of the offense. Broadview Hts. v. Krueger , 8th Dist. Cuyahoga No. 88998, 2007-Ohio-5337, 2007 WL 2875156, ¶ 10. The explanation of circumstances " 'serves as the evidence upon which the trial court is to base its finding of guilty or not guilty.' " State v. Schornak , 2d Dist. Greene No. 2014-CA-59, 2015-Ohio-3383, 41 N.E.3d 168, ¶ 7, quoting State v. Steward , 2d Dist. Montgomery No. 19971, 2004 WL 1352628, *1-2 (June 10, 2004). " Section 2937.07 confers a substantive right on the accused to be discharged by a finding *484 of not guilty where the explanation of circumstances that the statute requires fails to establish all of the elements of the offense, or where no explanation of circumstances is made at all." State v. Osterfeld , 2d Dist. Montgomery No. 20677, 2005-Ohio-3180, 2005 WL 1490452, ¶ 6.
{¶ 7} The explanation of circumstances requirement is not satisfied by a presumption that the court was aware of facts demonstrating the defendant's guilt that can be gleaned from documentary evidence in the court file. Berea v. Moorer , 8th Dist. Cuyahoga No. 103293, 2016-Ohio-3452, 55 N.E.3d 1186, ¶ 9, citing Chagrin Falls v. Katelanos , 54 Ohio App.3d 157, 158, 561 N.E.2d 992 (8th Dist.1988). Rather, an explanation of circumstances necessarily involves, at a minimum, "some positive recitation of facts which, if the court find them to be true, would permit the court to enter a guilty verdict and a judgment of conviction on the charge to which an accused has offered a plea of no contest. Lacking that, the defendant must be found not guilty." State v. Keplinger , 2d Dist. Greene No. 98-CA-24, 1998 WL 864837, *3 (Nov. 13, 1998), citing Cuyahoga Falls v. Bowers , 9 Ohio St.3d 148, 151, 459 N.E.2d 532 (1984).
{¶ 8} Cannon contends that his conviction must be vacated and he must be discharged[1] because the state did not provide the explanation of circumstances at the plea hearing. He relies on State v. Waddell , 71 Ohio St.3d 630, 646 N.E.2d 821 (1995), to support his argument. In Waddell , the Ohio Supreme Court considered whether a court must consider an accused's statement before accepting a no contest plea to a misdemeanor offense, even though the state made an explanation of the circumstances of the offense. The Supreme Court held that the trial court is not required to consider the accused's statement but may make its finding of guilty or not guilty from the explanation of circumstances by the state. Waddell did not address the issue of whether the prosecutor is required to give an explanation of the circumstances before the court may make its finding under R.C. 2937.07, as Cannon asserts, and thus we do not find it dispositive.
{¶ 9} This court and others have held that although the state bears the burden to ensure that an explanation of circumstances appears on the record before a conviction is entered, "it is immaterial who actually states the explanation on the record." Schornak , 2d Dist. Greene No. 2014-CA-59, 2015-Ohio-3383, 41 N.E.3d 168 at ¶ 8, citing Keplinger at *2 (finding the court, an arresting officer, or even the accused may make the necessary explanation); State v. Murphy , 116 Ohio App.3d 41, 45, 686 N.E.2d 553 (9th Dist.1996) ("whether the court or the prosecutor recites the explanation into the record is immaterial"); Krueger , 8th Dist. Cuyahoga No. 88998, 2007-Ohio-5337, 2007 WL 2875156, at ¶ 11 ("[defendant] chose to provide her own explanation of circumstances"). Further, there is no requirement that sworn testimony be taken; the "explanation of circumstances" requirement only contemplates some explanation of the facts surrounding the offense so that the trial court does not make a finding of guilt in a perfunctory manner. Moorer at ¶ 9, citing Bowers at 150, 459 N.E.2d 532.
{¶ 10} In response to the judge's question regarding what happened, Cannon gave an explanation of circumstances *485 that the state contends was sufficient to find him guilty of assault. Although we agree with the state that the explanation of circumstances need not come from the prosecutor, Cannon's explanation was insufficient to allow the court to find him guilty of assault.
{¶ 11} Euclid Cod. Ord. 537.02(A) provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another * * *." Cannon's explanation did not establish these elements. He told the judge, "I just went to grab him and push him to the wall to try to diffuse. And we struggled a little bit against the wall * * *." This explanation did not establish that Cannon knowingly caused or attempted to cause physical harm to his daughter's boyfriend; it established only that Cannon pushed the boyfriend against the wall and they struggled "a little." And as noted earlier, this court cannot presume that the trial court was aware of other facts contained in documentary evidence in the file that may have demonstrated Cannon's guilt.
{¶ 12} Because the explanation of circumstances did not contain facts that if true established the elements of assault, there was insufficient evidence to support Cannon's conviction, and the trial court erred in finding him guilty. Cannon's conviction is therefore reversed, and because a retrial would create a double jeopardy violation, the case is remanded with instructions for the trial court to dismiss the charge. See Elsing , 8th Dist. Cuyhoga No. 105231, 2017-Ohio-6891, 2017 WL 3084816, at ¶ 11.
{¶ 13} Reversed and remanded.
MARY EILEEN KILBANE, P.J., and ANITA LASTER MAYS, J., CONCUR

A violation of R.C. 2937.07 results in insufficient evidence to support the conviction, and because a double jeopardy violation would occur if the charges were retried, they must be dismissed. Middleburg Hts. v. Elsing , 8th Dist. Cuyahoga No. 105231, 2017-Ohio-6891, 2017 WL 3084816, ¶ 11, citing Moorer at ¶ 22.