[Cite as *State v. Harris*, 2018-Ohio-4316.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

STATE OF OHIO,                              :

    Plaintiff-Appellee,              :           Case No.   18CA4

    vs.                                          :

PATRICK HARRIS,                         :           DECISION AND JUDGMENT ENTRY

    Defendant-Appellant. :

_____

APPEARANCES:

Patrick N. Harris, Orlando, Florida, *pro se.*

Lisa A. Eliason, Athens City Law Director, and Jessica L. Branner, Athens City Prosecutor,
Athens, Ohio, for Appellee.

CRIMINAL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED:10-17-18
ABELE, J.

{¶ 1} This is an appeal from an Athens County Municipal Court judgment of conviction

and sentence.  The trial court found Patrick N. Harris, defendant below and appellant herein,

guilty of obstructing official business, in violation of R.C. 2921.31, and possessing an open

container of alcohol, in violation of R.C. 4301.62.   Appellant raises the following assignment of

error for review:

> "THE EXPLANATION OF CIRCUMSTANCES WAS
> INSUFFICIENT TO ALLOW THE TRIAL COURT TO MAKE A
> FINDING OF GUILTY UPON THE DEFENDANT'S PLEA OF
> NO CONTEST."

{¶ 2} On November 5, 2017, shortly after midnight, Ohio University Police Lieutenant Farin Barber encountered appellant and appellant's two adult children, a son and a daughter. The lieutenant noticed that both appellant and appellant's daughter possessed open containers of alcohol. Lieutenant Barber approached appellant and asked him to "turn around" so the lieutenant could remove the open container from appellant's person. Appellant refused to comply. Instead, appellant handed the open container to appellant's son and told his son to dispose of the open container. Appellant also instructed his daughter to leave the scene. Lieutenant Barber subsequently arrested appellant and charged him with obstructing official business and possessing an open container of alcohol.

{¶ 3} Subsequently, appellant entered no-contest pleas to the two charges. At the plea hearing, appellant indicated that, although he agreed to enter no-contest pleas, he did not believe that the facts sufficiently established the offense of obstructing official business.

{¶ 4} At the change of plea hearing, the prosecutor offered Lieutenant Barber's report as the explanation of circumstances. The report states:

On November 5th, 2017, at zero thirty-two hours while patrolling in the area of 134 Mill Street, I observed a male later identified as 54 year old Patrick N. Harris with an open container of beer, Red Stripe, tucked under his right arm. I also observed a female with an open container of wine * * * standing next to Mr. Harris, later identified as 22 year old Kaitlyn A. Harris. I asked Mr. Harris to turn around so I could remove the bottle from under his arm. Mr. Harris looked at me and said, no. I then informed Mr. Harris that he was in possession of an open container. He handed it to his son and said, throw this out and throw it in

the grass.  Mr. Harris then told Ms. Harris and his son to leave the area.  I informed Mr. Harris that Ms. Harris was not to leave, and she was also containing [sic] an open container, and if she attempted to leave she would be arrested.  Mr. Harris again told both to leave and was placed under arrest for obstruction of official business.  While placing Mr. Harris in handcuffs, he attempted to ask his son to intervene in the arrest, and his son said, what am I supposed to do?  Mr. Harris then stated, you are making a big mistake, I was a judge, and you can't arrest me.  While near the patrol car, Mr. Harris shoved backwards attempting to knock me off balance and said, go, now, leave now, speaking to Ms. Harris.  I then called for backup and ordered Ms. Harris to place her hands on the back of my patrol car.  Ms. Harris refused and said, what do I do?  Mr. Harris again told Ms. Harris to leave.  I again ordered Ms. Harris to place her hands on my patrol car and to not leave or she would also be arrested for obstruction.  Ms. Harris then turned around and walked away in the direction of Stewart Street.  I informed arriving officers to place Ms. Harris under arrest for obstruction of official business.   Both were transported back to OUPD for processing."

{¶ 5} Following the prosecutor's explanation of circumstances, appellant entered no-contest pleas to both charges, and the trial court found appellant guilty as charged.  This appeal followed.

{¶ 6} In his sole assignment of error, appellant asserts that the prosecution's explanation of circumstances did not sufficiently establish the essential elements of the offense of obstructing

official business.  In particular, he contends that the facts fail to show that he committed an affirmative act, or that his conduct actually interfered with the officer's investigation.

A

{¶ 7} Generally, appellate courts conduct a de novo review of a trial court's finding of guilt pursuant to a no-contest plea in a misdemeanor case.  *State v. Erskine*, 2015-Ohio-710, 29 N.E.3d 272 (4th Dist.), ¶ 10, citing *Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 150, 459 N.E.2d 532 (1984).  In the case sub judice we therefore independently review whether the trial court properly accepted appellant's no-contest plea.  *Id.*

B

{¶ 8} R.C. 2937.07 governs no-contest pleas in misdemeanor cases.  The statute states that a no-contest plea to a misdemeanor offense constitutes "an admission of the truth of the facts alleged in the complaint."  The statute further provides that the trial court "may make a finding of guilty or not guilty from the explanation of the circumstances of the offense."  This explanation-of-circumstances requirement ensures that the prosecution establishes all of the essential elements of a misdemeanor offense and prevents the trial court from finding a defendant guilty in a "'perfunctory fashion.'"  *Bowers*, 9 Ohio St.3d at 150, quoting *Springdale v. Hubbard*, 52 Ohio App.2d 255, 259-260, 369 N.E.2d 808 (1st Dist.1977).  Accordingly, the explanation of circumstances ""'"serves as the evidence upon which the trial court is to base its finding of guilty or not guilty."'"  *Euclid v. Cannon*, 8th Dist. No. 105733, 2018-Ohio-286, 105 N.E.3d 481, 2018 WL 565496, ¶ 6, quoting *State v. Schornak*, 2d Dist. Greene No. 2014-CA-59, 2015-Ohio-3383, 41 N.E.3d 168, ¶ 7, quoting *State v. Steward*, 2d Dist. Montgomery No. 19971, 2004 WL 1352628, *1–2 (June 10, 2004).  A defendant has a substantive right to an acquittal if

the explanation of circumstances fails to establish all of the essential elements of the offense. *Bowers*, 9 Ohio St.3d at 150; *e.g., Cannon* at ¶ 6; *Erskine* at ¶ 11.

{¶ 9} Although R.C. 2937.07 does not define "explanation of the circumstances," courts have held that "the explanation 'necessarily involves, at a minimum, some positive recitation of facts which, if the court finds them to be true, would permit the court to enter a guilty verdict and a judgment of conviction on the charge to which the accused has offered a plea of no contest.'" *Cannon* at ¶ 7, quoting *State v. Keplinger*, 2d Dist. Greene No. 98–CA–24, 1998 WL 864837, *3 (Nov. 13, 1998); *accord State v. Czech*, 6th Dist. Lucas No. L-13-1141, 2015-Ohio-458, ¶ 18. The explanation, therefore, must be more than a bare recitation of the elements of the offense charged. *Id.*

C

{¶ 10} R.C. 2921.31(A) contains the essential elements of the offense of obstructing official business. The statute provides:

> No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

{¶ 11} A trial court may find a defendant guilty of obstructing official business, pursuant to a misdemeanor no-contest plea, when the explanation of circumstances establish five essential elements: "(1) an act by the defendant, (2) done with the purpose to prevent, obstruct, or delay a public official, (3) that actually hampers or impedes a public official, (4) while the official is acting in the performance of a lawful duty, and (5) the defendant so acts without privilege."

*State v. Kates*, 169 Ohio App.3d 766, 2006-Ohio-6779, 865 N.E.2d 66, ¶ 21 (10th Dist.) (citations omitted).

{¶ 12} In the case sub judice, appellant argues that the prosecution's explanation of circumstances did not sufficiently establish that he (1) committed an act, (2) that hampered or impeded the officer's performance of his lawful duties. Appellant claims that he did not engage in any affirmative acts, but rather, he simply refused to provide information. Appellant further asserts that, even if he engaged in an affirmative act, his conduct did not actually hamper or impede the officer's performance of his lawful duties. Appellant contends that none of his acts prevented the officer from successfully concluding the investigation. Appellant observes that the officer ultimately arrested both appellant and appellant's daughter. Appellant thus claims that none of his actions actually hampered or impeded the officer.

1

{¶ 13} R.C. 2921.31 recognizes that "[c]omplete and honest cooperation with the law enforcement process by all citizens is essential to the effective operation of the justice system." *State v. Lazzaro*, 76 Ohio St.3d 261, 667 N.E.2d 384 (1996) (construing R.C. 2921.31(A) and 2921.13(A)(3)). However, R.C. 2921.31 "criminalize[s] only affirmative acts, not the failure to act." *State v. Certain*, 2009–Ohio–148, 905 N.E.2d 1259, ¶ 12 (4th Dist.), citing *State v. May*, 4th Dist. Highland No. 06CA10, 2007–Ohio–1428, fn. 5; *accord State v. Newsome*, 4th Dist. Hocking No. 17CA2, 2017-Ohio-7488; *State v. Wellman*, 173 Ohio App.3d 494, 2007–Ohio–2953, 879 N.E.2d 215, ¶ 10; *State v. Grooms*, 10th Dist. Franklin No. 03AP–1244, 2005–Ohio–706, ¶ 18. Thus, a refusal to provide requested information to a law enforcement officer, without more, does not violate the obstruction statute. *Cleveland Hts. v. Lewis*, 187

Ohio App.3d 786, 2010-Ohio-2208, 933 N.E.2d 1146 (8th Dist.), ¶¶ 36-37. Instead, "a defendant must engage in some affirmative or overt act or undertaking that hampers or impedes a public official in the performance of the official's lawful duties, as opposed to merely failing or refusing to cooperate or obey a police officer's request for information." *State v. Prestel*, 2nd Dist. Montgomery No. 20822, 2005–Ohio–5236, ¶ 16. For example, courts have found that the following conduct constitutes an affirmative act under the obstruction statute: (1) "taunting" officers in a "loud and boisterous manner" and pulling away during an arrest, *State v. Greene*, 9th Dist. Lorain No. 08CA009465, 2009-Ohio-2518, 2009 WL 1515367, ¶ 15; (2) "snatching" a driver's license from an officer attempting to write an open container ticket, *State v. Lester*, 12th Dist. Butler No. CA2003-09-244, 2004-Ohio-2909, 2004 WL 1239179, ¶ 49; (3) physically interfering with an officer's attempt to issue citations for open container violations, *State v. Daily*, 4th Dist. Athens No. 97CA25, 1998 WL 18139, *1; (4) actively evading an officer, *State v. Newsome*, 4th Dist. Hocking No. 17CA2, 2017-Ohio-7488; (5) making a false statement, *State v. Novak*, 4th Dist. Gallia No. 16CA4, 2017-Ohio-455, 2017 WL 495603; (6) preventing officers from closing a police cruiser door, *State v. Dunn*, Pickaway App. No. 06CA6, 2006-Ohio-6550, 2006 WL 3575807, ¶ 47; (7) refusing officer's instruction to put down knife while pointing it at officer, *State v. Neptune*, 4th Dist. Athens No. 99CA25, 2000 WL 502830 (Apr. 21, 2000); (8) fleeing after request to stop, *State v. Certain*, 180 Ohio App.3d 457, 2009-Ohio-148, 905 N.E.2d 1259 (4th Dist.); (9) "repeatedly yelling insults at the officers, purposefully distracting them from an arrest, and brandishing the pepper spray," *State v. Bryant*, 9th Dist. Summit No. 17547 (Aug. 28, 1996), *6; and (10) acting in "an antagonistic" manner, *State v. Shoe*, 3rd Dist. Shelby No. 17-17-22, 2018-Ohio-3006, 2018 WL 3621052, ¶ 21.

{¶ 14} In the case at bar, the prosecution's explanation of circumstances established that appellant did more than simply refuse to respond to the officer's request to "turn around." The officer informed appellant that appellant possessed an open container and asked appellant "to turn around so [the lieutenant] could remove the bottle from under [appellant's] arm." Rather than complying with the officer's request, appellant handed the container to his son. Thus, appellant did not simply refuse to obey the officer's request to "turn around," but, instead, affirmatively handed the container to another individual. Furthermore, appellant directed his daughter, whom the officer also suspected of possessing an open container, to flee the scene. The officer explicitly informed appellant that appellant's daughter could not depart the area, yet appellant again told her to leave. Thus, appellant's verbal instruction to his daughter to leave the area constituted an affirmative act of disobedience, not a mere failure to refuse to comply with the officer's request. Again, appellant directly contravened the officer's order that appellant's daughter could not leave the area. Moreover, when the officer arrested appellant, appellant instructed his son to intervene and continued to advise his daughter to leave the scene. We therefore reject appellant's assertion that his conduct constituted a mere refusal to respond and that he did not engage in an affirmative act.

2

{¶ 15} Appellant next asserts that even if he engaged in an affirmative act, none of his actions actually hampered or impeded the officer's investigation. Appellant first contends that even if telling his son to discard the container constituted an affirmative act, the explanation of circumstances fails to reveal how this affirmative act hampered or impeded the investigation. Appellant also observes that the explanation of circumstances did not indicate whether

appellant's son actually discarded the container, as appellant ordered. Appellant thus claims that the explanation of circumstances fails to show that appellant's alleged affirmative act adversely affected the officer's investigation. Appellant also argues that, even if advising his children to leave the scene of an active investigation constituted an affirmative act, the explanation of circumstances shows that his children did not, in fact, leave the scene. Because his children did not leave the scene, appellant reasons, his conduct did not actually hamper or impede the officer's investigation. Appellant further points out that the officer ultimately successfully arrested both him and his daughter.

{¶ 16} Many Ohio court decisions indicate that an obstructing official business conviction does not require that the defendant "be successful in preventing the officers from doing their job." *State v. Daily*, 4th Dist. Athens No. 97CA25, 1998 WL 18139, *4; *accord State v. Luke*, 4th Dist. Washington No. 09CA30, 2010-Ohio-4309, 2010 WL 3532092, ¶ 15; *State v. Bailey*, 4th Dist. Hocking No. 09CA9, 2010-Ohio-213, 2010 WL 259082, ¶ 36; *State v. Stayton*, 126 Ohio App.3d 158, 709 N.E.2d 1224 (1st Dist. Hamilton 1998); *State v. McCoy*, Montgomery App. No. 22479, 2008-Ohio-5648, 2008 WL 4763231, ¶ 16 (stating that defendant need not "cause the officers to fail in their duties, but only that, by acting, he disrupted their performance of them"). Rather, "the record must demonstrate only that the defendant's conduct hampered or impeded the public official's ability to perform his or her official duties." *Novak* at ¶ 16 (citations omitted).

> That is not to suggest that every act that can conceivably be said to hinder a police officer rises to the level of criminal conduct. Certainly there is a level of hindrance that is simply too casual, remote, or indirect to be punishable under the statute. Although entitled to full respect of the badge and uniform in the execution of his or her duty, a police officer is expected to tolerate a certain level

of uncooperativeness, especially in a free society in which the citizenry is not obliged to be either blindly or silently obeisant to law enforcement. Interference with the police by citizens must, therefore, be necessarily viewed as a continuum along which, at a certain point, the line is crossed.

*Stayton*, 126 Ohio App.3d at 164. However, the obstructing official business statute thus "'does not criminalize [every] minor delay, annoyance, irritation or inconvenience.'" *State v. Vitantonio*, 2013-Ohio-4100, 995 N.E.2d 1291 (11th Dist.), ¶ 14, quoting *Lakewood v. Simpson*, 8th Dist. Cuyahoga No. 80383, 2002-Ohio-4086, 2002 WL 1824975. Instead, the statute criminalizes conduct that causes "some substantial stoppage of the officer's progress" or that makes the performance of an official duty "more difficult." *Wellman* at ¶ 17; *State v. Ertel*, 12th Dist. Warren No. CA2015-12-109, 2016-Ohio-2682, ¶ 8, citing *State v. Standifer*, 12th Dist. Warren No. CA2011-07-071, 2012-Ohio-3132, ¶ 28, citing *State v. Whitt*, 12th Dist. Butler No. CA89-06-091, 1990 WL 82592, *2 (June 18, 1990).

{¶ 17} Additionally, courts that consider whether a defendant hampered or impeded an officer generally examine the totality of the defendant's conduct. *State v. Body*, 2nd Dist. Montgomery No. 27732, 2018-Ohio-3395, 2018 WL 4050522, ¶ 22, citing *State v. Overholt*, 9th Dist. Medina No. 2905-M, 1999 WL 635717, *2 (Aug. 18, 1999) (finding defendant's refusal to leave the scene, interference with an officer's attempts to complete an arrest, and profane outbursts sufficiently established defendant hampered or impeded officer's efforts), and *North Ridgeville v. Reichbaum*, 112 Ohio App.3d 79, 84, 677 N.E.2d 1245 (9th Dist.1996) (concluding multiple affirmative acts taken together can be sufficient to establish that defendant hampered or impeded officer's lawful duties). Thus, when a defendant's "overall pattern of behavior is one of resistance, * * * officers may consider the totality of the events and need not point to a single

act that rises to the level of obstruction." *Lyons v. Xenia*, 417 F.3d 565, 574 (6th Cir.2005), quoted in *Body* at ¶ 22.

{¶ 18} In the case sub judice, we believe that the explanation of circumstances sufficiently shows that appellant's overall conduct actually hampered or impeded the officer's official duties. Although appellant asserts that his conduct did not actually prevent the lieutenant from concluding his investigation and arresting appellant and appellant's daughter, we observe that the question under the obstruction statute is not whether a defendant prevented an officer from completing an official duty, but rather whether the defendant made the officer's performance of that duty more difficult. *See Wellman* at ¶ 17.

{¶ 19} In *Novak*, for example, we affirmed the defendant's conviction for obstructing official business even though the defendant asserted that his conduct did not prevent the officers from completing the official duty. The defendant argued that he could not be convicted under the obstruction statute when a false statement that he gave to the law enforcement officers did not actually hamper or impede their apprehension of a suspect. The defendant claimed that the officers ultimately apprehended the suspect and that his false statement did not, therefore, hamper or impede their efforts. We, however, rejected the defendant's argument. We emphasized that the defendant's conduct needed only to delay, impede or obstruct–and not completely prevent–the officers' apprehension of the suspect to constitute a violation of the statute.

{¶ 20} For this same reason, we reject appellant's argument that his conduct did not actually hamper or impede the officer's investigation of the open-container violations or the arrest of appellant and appellant's daughter. Even though the officer ultimately successfully

arrested both appellant and his daughter, the officer noted that appellant hindered the investigation and arrests by advising his son to intervene in the arrest and by advising his daughter to leave the scene. The officer further noted that appellant's conduct required him to contact other officers for assistance. *See Overholt* at *3 (determining that defendant's actions sufficiently hampered or impeded officer when defendant's conduct caused officer "to characterize the situation as high-risk and to fear for his own safety and the safety of other officers on the scene").

{¶ 21} Moreover, appellant's affirmative acts hampered or impeded the officer's open-container investigation. Appellant's act of handing the open container to his son, combined with instructions to his daughter to leave the area, delayed the officer's investigation into the alleged violation. Both actions interfered with the officer's ability to investigate whether appellant and his daughter were, in fact, violating the statute. Even if the officer ultimately successfully completed his investigation, appellant's conduct nevertheless hampered or impeded the officer's investigation.

{¶ 22} Consequently, after our review we believe that the prosecutor's explanation of circumstances adequately shows that appellant committed an affirmative act, and that appellant's act actually hampered or impeded the officer's performance of his official duties.

D

{¶ 23} Accordingly, based upon the foregoing reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J. & Harsha, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.