[Cite as *State v. Montgomery*, 2024-Ohio-2623.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Andrew J. King, J. |
| -vs- | Case No. 2023 CA 0072 |
| GREGORY S. MONTGOMERY, II | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Shelby Municipal
Court, Case No. 22 CRB 00206


JUDGMENT:    Reversed and Remanded


DATE OF JUDGMENT ENTRY:    July 10, 2024


APPEARANCES:

For Plaintiff-Appellee

JOHN STUDENMUND
9 North Mulberry Street
Mansfield, Ohio 44902

For Defendant-Appellant

TODD W. BARSTOW
261 West Johnstown Road, Suite 204
Columbus, Ohio 43230

*Wise, J.*

**{¶1}** Appellant Gregory S. Montgomery, II appeals his conviction and sentence on one count of Aggravated Menacing, entered in the Shelby Municipal Court following a plea of no contest.

**{¶2}** Appellee state of Ohio has not filed a brief in this matter.

STATEMENT OF THE FACTS AND CASE

**{¶3}** For purposes of this Opinion, the relevant facts and procedural history are as follows:

**{¶4}** A review of the record reveals that on March 5, 2022, Richland County sheriff's deputies were dispatched to Superior Street in Shiloh, Richland County, on a report of a "road rage" incident that had recently occurred. Anthony Hammond told deputies that he had been driving on Shiloh-Norwalk Road following a blue Toyota RAV4 when that vehicle came to a complete stop in the intersection of Superior Road and Noble Road. Hammond stated that he exited his vehicle to check on the driver of the Toyota and that the driver of the Toyota exited his vehicle and pointed a firearm at him, firing one round into the air. Hammond stated that the Toyota had a temporary tag in the rear window.

**{¶5}** Subsequent investigation by the Sheriff's Department revealed that Appellant Gregory S. Montgomery, II, owned a Toyota matching the description of the Toyota described by Hammond. Also, Appellant generally matched the physical description given by Hammond of the driver.

**{¶6}** On May 6, 2022, Appellant Gregory S. Montgomery, II, was charged by way of a complaint with Aggravated Menacing, a misdemeanor of the first degree.

**{¶7}** On December 5, 2023, Appellant appeared *pro se* for trial. After consulting with standby counsel, Appellant pled no contest to the charge. He stipulated to a finding of guilt and the trial court found him guilty.

**{¶8}** The trial court sentenced Appellant to 180 days in jail, with 177 days suspended, a fine of $400.00, court costs and two years community control.

**{¶9}** Appellant now appeals, raising the following errors for review:

<u>ASSIGNMENT OF ERROR</u>

**{¶10}** "I. THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S PLEA OF NO CONTEST TO A FIRST-DEGREE MISDEMEANOR WITHOUT A PROPER EXPLANATION OF THE CIRCUMSTANCES."

**I.**

**{¶11}** In his sole assignment of error Appellant argues the trial court erred in accepting his plea without a proper explanation of the circumstances surrounding the crime. We agree.

**{¶12}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996); *see also State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7. To that end, Crim.R. 11 sets forth certain constitutional and procedural requirements with which a trial court must comply prior to accepting a guilty or no contest plea.

**{¶13}** A "trial court is required to inform the defendant only of the effect of the specific plea being entered," which, in this case, is a no-contest plea. *See State v. Jones,*

116 Ohio St.3d 211, 2007–Ohio–6093, 877 N.E.2d 677, at ¶ 25. "[T]o satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)." *Id.,* paragraph two of the syllabus. A trial court may advise a defendant of the language of Crim.R. 11(B) "orally or in writing." *Id.* at ¶ 51.

{¶14} Crim.R. 11(B)(2) states that a "plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Crim.R. 11(B).

{¶15} "A plea of no contest allows the trial court to enter a finding of guilty to the charged offense following an explanation of the circumstances by the city." *Columbus v. Gullett*, 10th Dist. No. 90AP–2, 1990 WL 98391 (July 12, 1990), *citing* R.C. § 2937.07. "Such a plea constitutes an admission of the facts alleged in the complaint." *Id.*, *citing* Crim.R. 11(B)(2).

{¶16} Being an admission of the truth of the facts on which the charges against him are based, a no-contest plea forecloses a defendant's right to challenge the truth of those facts in a subsequent appeal from his resulting conviction and sentence. *State v. Bird supra*; *State v. Evans,* Montgomery App. No. 21669, 2007–Ohio–6587 at ¶ 10.

{¶17} An appellate court reviews *de novo* a trial court's finding of guilt on a no-contest plea to a misdemeanor. *Id.* (stating "[o]n appeal, the focus is whether the facts recited are sufficient to support a conviction of the charged offense"); *State v. Erskine*, 2015-Ohio-710, 29 N.E.3d 272, ¶ 10. Thus, "[w]e review the explanation of circumstances to determine if there is sufficient evidence in the record to establish all of the elements of

the offense." *Erskine* at ¶ 10, *citing Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 151, 459 N.E.2d 532 (1984) (stating the relevant inquiry is whether the court made the necessary explanation of circumstances to support a finding of guilty).

**{¶18}** R.C. §2937.07, the statute governing pleas of no contest in misdemeanor cases, provides, in pertinent part:

> A plea to a misdemeanor offense of "no contest" or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense. If the offense to which the accused is entering a plea of "no contest" is a minor misdemeanor, the judge or magistrate is not required to call for an explanation of the circumstances of the offense, and the judge or magistrate may base a finding on the facts alleged in the complaint.

**{¶19}** The Supreme Court of Ohio has clarified that R.C. §2937.07 confers a substantive right, and "a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances." *Cuyahoga Falls* at 150, 459 N.E.2d 532.

**{¶20}** In the case before us, Appellant argues that the trial court accepted his plea without a sufficient explanation of the facts.

**{¶21}** Failure to obtain the required explanation of circumstances prior to finding a defendant guilty was a "procedural error," and the matter must be remanded to the trial court to make a finding of guilt or innocence based upon an explanation of circumstances. *Girard v. Giordana*, 2018-Ohio-5024.

**{¶22}** Accordingly, Appellant's assignment of error is affirmed.

**{¶23}** The judgment of the Shelby Municipal Court, Richland County, Ohio, is reversed and the matter is remanded for further proceedings consistent with the law and this opinion.


By: Wise, J.

Gwin, P. J., and

King, J., concur.


JWW/kw 0705