[Cite as *Streetsboro v. Ragle*, 2024-Ohio-4755.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| CITY OF STREETSBORO, | **CASE NO. 2024-P-0029** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Municipal Court, Ravenna Division |
| BRANDON H. RAGLE, | |
| Defendant-Appellant. | Trial Court No. 2023 TRD 11175 R |

**O P I N I O N**

Decided: September 30, 2024
Judgment: Affirmed

*Paul Janis*, City of Streetsboro Prosecutor, and *David L. Nott*, City of Streetsboro Law Director, 9184 State Route 43, Streetsboro, OH 44241 (For Plaintiff-Appellee).

*Brandon H. Ragle*, pro se, 5025 Camp Road, Ravenna, OH 44266 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Brandon H. Ragle, appeals his conviction of a minor misdemeanor traffic offense in the Portage County Municipal Court. For the following reasons, we affirm Ragle's conviction.

{¶2} On November 21, 2023, the Streetsboro Police Department issued Ragle a traffic citation for a "lanes of travel" violation of Streetsboro Codified Ordinance 331.01. Trial was scheduled for April 10, 2024.

**{¶3}** On February 28, 2024, Ragle filed a Motion to Dismiss. Ragle argued that, based on material obtained from plaintiff-appellee, the City of Streetsboro, the charge against him could not be substantiated.

**{¶4}** On April 10, 2024, the municipal court denied the Motion to Dismiss prior to trial: "The Court is going to overrule your Motion to Dismiss. The Court believes that everything that is contained in the Motion to Dismiss is best served [sic] for a trial. We're here for a trial today. So motion overruled."

**{¶5}** Subsequently, Ragle stated his intention to plead No Contest. The municipal court advised Ragle as follows:

> You can either stipulate to a finding of guilty. Meaning, "I'm pleading No Contest, and I'm authorizing the Court by virtue of giving … verbal authorization to find you guilty." Or if you want … the City of Streetsboro to read the complaint into the Court [sic], the Court would then have to make a determination, based upon the Streetsboro City Codified … Ordinance and what it says, and it would have to make a determination, based upon that law and the facts as presented, as to whether or not you can be found guilty of this offense or not.

Ragle indicated that he wanted the facts read into the record.

**{¶6}** The prosecuting attorney then addressed the municipal court:

> Your honor, on November 21, 2023, Brandon H. Ragle … operated a 2023 Toyota pickup truck, License Q-7-5-7-1-9, in the State of Ohio, on State Route 14, eastbound at or near Market Square Drive. He operated his vehicle in the left turn lane while proceeding to a traffic signal that was some four hundred feet away, before entering into the actual authorized left turn lane, ... by driving forward in the left turn lane rather than simply making a left turn. He violated Section 331.01 of the Streetsboro Codified Ordinances, which prohibits operating a vehicle in the left turn lane by crossing a solid yellow line to get there.

**{¶7}** Based on the foregoing, the municipal court made "a finding of guilty beyond a reasonable doubt," and asked Ragle if there was anything he would like to say before

sentence was imposed. Ragle responded, "I just don't agree with it, but I plead No Contest." The court sentenced Ragle to a fine of two hundred and fifty dollars with two hundred dollars of the fine suspended and court costs.

{¶8} Ragle appealed and raises the following assignment of error: "The trial court [erred] when they found the defendant guilty of **TRC 331.01**. The City of Streetsboro, when they presented their evidence to support Defendant's alleged violation of **TRC 331.01**, did not include any factual evidence that supported such a violation by Defendant."

{¶9} "A plea to a misdemeanor offense of 'no contest' or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty of not guilty from the explanation of the circumstances of the offense." R.C. 2937.07; Crim.R. 11(B)(2); *State v. Perry*, 83 Ohio St.3d 41, 43 (1998) ("[a] plea of no contest constitutes an admission of the facts alleged in an indictment, as well as the facts set forth by the state in its explanation of the circumstances surrounding the charge, but does not admit that those facts lead to a legal conclusion of guilt"). "If the offense to which the accused is entering a plea of 'no contest' is a minor misdemeanor, the judge or magistrate is not required to call for an explanation of the circumstances of the offense, and the judge or magistrate may base a finding on the facts alleged in the complaint." R.C. 2937.07.

{¶10} The Supreme Court of Ohio has stated "that the explanation-of-circumstances requirement exists to provide an extra layer of procedural protection to the defendant." *Girard v. Giordano*, 2018-Ohio-5024, ¶ 15. "In essence, it allows a judge to find a defendant not guilty or refuse to accept his plea when the uncontested facts do not

3

rise to the level of a criminal violation." *Id.* at ¶ 18; *State v. Bechtel*, 2020-Ohio-4889, ¶ 53 (11th Dist.) ("[t]he explanation of circumstances 'serves as the evidence upon which the trial court is to base its finding of guilty or not guilty'") (citations omitted). "[A]n explanation of circumstances necessarily involves, at a minimum, 'some positive recitation of facts which, if the court find[s] them to be true, would permit the court to enter a guilty verdict and a judgment of conviction on the charge to which an accused has offered a plea of no contest.'" (Citations omitted.) *Bechtel* at ¶ 53.

{¶11} "Being an admission of the truth of the facts on which the charges against him are based, a no-contest plea forecloses a defendant's right to challenge the truth of those facts in a subsequent appeal from his resulting conviction and sentence." *State v. Montgomery*, 2024-Ohio-2623, ¶ 16 (5th Dist.); *Cuyahoga Falls v. Doskocil*, 2013-Ohio-2074, ¶ 16 (9th Dist.) (where "the State gave the court an explanation of the circumstances at the plea hearing and, based upon the State's explanation, the court found Doskocil guilty[,] … he cannot challenge his conviction on the basis that it is against the weight of the evidence"); *State v. Evans*, 2007-Ohio-6587, ¶ 10 (2d Dist.) (same as *Montgomery*).

{¶12} "An appellate court reviews *de novo* a trial court's finding of guilt on a no-contest plea to a misdemeanor," including "'the explanation of circumstances to determine if there is sufficient evidence in the record to establish all of the elements of the offense.'" (Citation omitted.) *Montgomery* at ¶ 17; *State v. Hutsenpiller*, 2024-Ohio-3069, ¶ 7 (11th Dist.) ("[i]n considering whether a guilty plea was entered knowingly, intelligently, and voluntarily, an appellate court examines the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and

4

Case No. 2024-P-0029

procedural safeguards") (citations omitted). "[O]n appeal, the focus is whether the facts recited are sufficient to support a conviction of the charged offense." (Citation omitted.) *Montgomery* at ¶ 17.

{¶13} Preliminarily, we consider Streetsboro's argument that, under R.C. 2937.07, Ragle was not entitled to an explanation of circumstances because he was charged with a minor misdemeanor. Therefore, any error in the explanation of circumstances would be harmless. We disagree. The plain language of R.C. 2937.07 is that, when a plea of no contest is being entered to a minor misdemeanor, an explanation of circumstances "is not required." This language does not suggest or imply that a municipal court is precluded from requesting an explanation of circumstances and Streetsboro has cited nothing to the contrary. In this case, the municipal court gave Ragle the option of stipulating to the facts or having them read into the record. Ragle chose to have them read into the record and the court accepted his plea based upon "the facts as presented." Given that the court exercised its discretion to request an explanation of circumstances and its reliance on that explanation to base its finding of guilt, any defect in the explanation of circumstances would not, ipso facto, be harmless merely because no explanation was required by the statute.

{¶14} On appeal, Ragle argues that Streetsboro failed to introduce any factual evidence to support the charge against him. His contention is that the prosecutor's explanation of circumstances was false: "Every statement made by the City of Streetsboro in their statement of facts following Defendant's no-contest plea is false" and contrary to the discovery materials attached to his Motion to Dismiss. "These afore-mentioned body cam recordings, etc. easily explain that the information given by the Streetsboro

5

prosecutor is totally incorrect. Apparently, the trial court judge did not view such evidence or Defendant's motion to dismiss, or the citing-officer's traffic crash report either, or else he would have known the events described in this explanation of circumstances/evidence is false information." Brief of Appellant at 8-9.

{¶15} Ragle's claim that Streetsboro failed to introduce factual evidence to support the charge against him is without merit. As noted above, a recitation of facts by the prosecutor that would allow the court to enter a verdict of guilty is a legally sufficient explanation of circumstances. *Bechtel*, 2020-Ohio-4889, at ¶ 53. It is the explanation (or recitation) itself which serves as evidence to support the conviction without the introduction of other evidentiary materials. "The court had no duty to take additional testimony regarding [the] matter and could properly make a determination of guilty from the explanation of the circumstances by the prosecutor, after determining that appellant was making the plea voluntarily, knowing the full effect thereof." *State v. Wood*, 112 Ohio App.3d 621, 626 (11th Dist. 1996); *Euclid v. Cannon*, 2018-Ohio-286, ¶ 9 (8th Dist.) ("there is no requirement that sworn testimony be taken; the 'explanation of circumstances' requirement only contemplates some explanation of the facts surrounding the offense so that the trial court does not make a finding of guilt in a perfunctory manner").

{¶16} With respect to the claim that the explanation of circumstances did not comport with the evidence, i.e. that the explanation was against the weight of the evidence, Ragle has waived this argument by virtue of pleading no contest. As noted above, a plea of no contest constitutes an admission of the facts stated in the explanation of circumstances. *Perry*, 83 Ohio St.3d at 43. Thus, it has been held that a defendant

6

who has pled no contest may, on appeal, only challenge the legal sufficiency of the explanation of circumstances and not the weight of the evidence. *Supra* at ¶ 11; *also State v. Cox*, 2007-Ohio-6414, ¶ 3, fn. 1 (12th Dist.); *State v. Gilbo*, 96 Ohio App.3d 332, 337 (2d Dist. 1994) ("[t]he essence of the 'no contest' plea, is that the accused cannot be heard in defense") (citations omitted). "By entering a plea of no contest, appellant has waived certain constitutional rights, including the right to have the state prove its case beyond a reasonable doubt." (Citations omitted.) *State v. Kearns*, 2001 WL 1387707, *3 (5th Dist.). "The court can only weigh the evidence where the defendant has pled not guilty and evidence on both sides has been presented." (Citations omitted.) *Id.*

{¶17} The sole assignment of error is without merit.

{¶18} For the foregoing reasons, Ragle's conviction is affirmed. Costs to be taxed against the appellant.


EUGENE A. LUCCI, P.J.,

JOHN J. EKLUND, J.,

concur.

7

Case No. 2024-P-0029