[Cite as *State v. Burchfield*, 2025-Ohio-867.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,          : CASE NO. 23CA17

    v.                           :

BRADLEY BURCHFIELD,                     : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.         :

_____

APPEARANCES:

Bradley E. Burchfield, pro se.

Keller Blackburn, Athens County Prosecuting Attorney, and Merry M. Saunders, Assistant Prosecuting Attorney, Athens, Ohio, for appellee.

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:3-6-25
ABELE, J.

{¶1} This is an appeal from an Athens County Common Pleas Court judgment of conviction and sentence. Bradley Burchfield, defendant below and appellant herein, pleaded no contest to one count of having a weapon while under disability and assigns two errors for review:

        FIRST ASSIGNMENT OF ERROR:

        "THE TRIAL COURT ERRED IN PROSECUTORIAL
        MISCONDUCT."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN ACKNOWLEDGING THE
LAWS."

{¶2} In January 2008, an Athens County Grand Jury returned an indictment that charged appellant with one count of burglary in violation of R.C. 2911.12(A)(3), a third-degree felony (Case Number 08CR0145). On August 25, 2008, appellant entered a guilty plea and the trial court sentenced him to serve a five-year community control term and to pay costs. On December 22, 2008, the trial court dismissed a second separate burglary indictment (Case Number 08CR0274) with prejudice.

{¶3} On December 8, 2013, after appellant's 2008 conviction for various felony crimes along with a prison sentence, the trial court placed appellant on court-ordered supervision for five years. On November 21, 2018, appellant's supervising officer and prosecuting attorney recommended that appellant "be successfully discharged from supervision effective immediately and in accordance with the power conferred by Section 2951.09 of the Revised Code, restored to all civil rights." The trial court ordered that "Community Control supervision ordered pertaining to the above named offender be unsuccessfully [sic.] terminated, from Community Control supervision immediately and restored to all civil rights,

3

unless Prohibited by law."

{¶4} On July 7, 2022, the trial court denied appellant's pro se petition for relief from weapons disability status. The court stated, "[a]s Petitioner has been convicted of an offense of domestic violence, the Court finds Petitioner is ineligible to possess a firearm pursuant to 18 U.S.C. Sec. 922(G)(9). For that reason and due to his criminal history, the Court finds that the motion is not well taken and is denied."

{¶5} In November 2022, an Athens County Grand Jury returned an indictment that charged appellant with one count of having a weapon while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony. At the July 12, 2023 hearing, appellant pleaded no contest to the charge. The trial court accepted appellant's plea and, relevant to this appeal, stated:

> The Court's understanding from the facts put forth by the State where [sic.] that . . . Mr. Burchfield was spotted by an APA officer who was aware of a previous criminal, aware of disability for purposes of weapons under disability thought he saw a side arm and as it turns out that was not the case but Mr. Burchfield volunteered that there was a muzzleloader in the house that belonged to his girlfriend but he volunteered that information to the officers.

When asked if he wished to speak at sentencing, appellant stated:

> I just feel like this is wrong. I'm getting sentenced,

4

getting put on, being found guilty for a crime in my eyes, I mean the law states that it doesn't apply to the weapon ordinance so how can you be charged for it but I mean whatever. Whatever is good for the goose is good for the gander I guess so I'm just going to let it go.

{¶6} The trial court then weighed the R.C. 2929.11 purposes and principles of sentencing, the R.C. 2929.12 seriousness and recidivism factors, and the guidance set forth in R.C. 2929.13. The court sentenced appellant to (1) serve a one-year community control term, subject to the Adult Parole Authority's terms and conditions, (2) abide by the minimum general probation conditions journalized on March 16, 2023, (3) report to the APA, (4) not consume or possess alcohol or illegal drugs or enter such establishments, (5) be subject to random substance abuse monitoring, (6) pay court costs, (7) remain in Ohio unless given permission from the court or supervising officer, (8) remain a law abiding citizen during supervision, (9) be aware that his supervising officer may choose to add conditions of supervision to meet appellant's individual needs, (10) 9-36 months reserved, and (11) ordered a discretionary postrelease control term for up to two years.

{¶7} On October 20, 2023, appellee filed a notice of violation of community control. At the November 7, 2023 hearing, appellant

stipulated to a violation of his terms and conditions of community control.  This appeal followed.

I.

{¶8}  In his first assignment of error, appellant asserts that the "trial court erred in Prosecutorial Misconduct."  While not exactly clear, it appears that appellant now contends that his no contest plea for the charge concerning the weapon he possessed that formed the basis of his July 2023 conviction is excluded from R.C. 2923.13(A)(2), the weapons under disability statute.

{¶9}  Appellee, however, contends that appellant violated R.C. 2923.13(A)(2) when he possessed an operable 50-caliber muzzleloader[1].  Appellee notes that appellant's burglary conviction (Case Number 08CR0145) disqualifies him from possessing a firearm. Appellee points out that, after appellant served his sentence for the burglary conviction, the trial court terminated his supervision with a November 21, 2018 order that restored appellant to "all

---

[1] According to Adm.Code, 1501:31-1-02(BBBB), " 'Muzzleloading rifle' and 'muzzleloading shotgun' means a primitive weapon that shoots a projectile or projectiles loaded exclusively from the muzzle and that is incapable of firing modern-day ammunition."

civil rights, *unless otherwise Prohibited by law*," (emphasis added) and the possession of an operable muzzleloader is "otherwise prohibited by law."

**{¶10}** Initially, we point out that appellant previously pleaded no contest to the weapon under disability charge. Under Crim.R. 11(C)(2)(b), a trial court cannot accept a no-contest plea without addressing the defendant and "[i]nforming the defendant of and determining that the defendant understands the effect of the plea . . . no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence." To inform the defendant of the effect of a no-contest plea, the trial court must inform the defendant that "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment . . . and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Crim.R. 11(B)(2); *State v. Jones*, 2007-Ohio-6093, ¶ 25.

**{¶11}** In the case sub judice, the record reveals that the trial court properly complied with Crim.R. 11 when it explained appellant's constitutional rights that he waived with his no contest plea and appellant does not contend otherwise. The trial

court explained the effect of the no contest plea:

> So, with a plea of guilty, that would be you stating that you are legally guilty of having committed this offense. A plea of no contest works a little differently. So, instead of you are not admitting to your guilt in this charge. However, you are saying that the facts that the state has alleged here, you are not contesting those facts. You're not saying those facts didn't happen. You are saying those facts did happen but you believe you are legally guilty of the offense.

**{¶12}** Appellant acknowledged that he understood the implications of a no contest plea and that his attorney had answered his questions. The record also shows that the trial court explained the charge, maximum penalties involved, and postrelease control, and that appellant stated that he understood them. Appellant acknowledged that he understood the trial court's explanations and stated that he had no questions. In addition, appellant signed the written waiver form in which he acknowledged that he understood the constitutional rights he waived and desired to enter a no contest plea. Appellant cannot now undo his plea to the underlying charge. The Supreme Court of Ohio has stated that "where the indictment . . . contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense."

8

*State v. Bird*, 81 Ohio St.3d 582, 584 (1998). An exception to this rule provides that when the trial court asks for an explanation of circumstances, and that explanation negates the existence of an element of the offense, the trial court errs in finding the defendant guilty. *State v. Williams*, 2016-Ohio-7777, (8th Dist.). Although in the case at bar appellant appears to have questioned whether a muzzleloader is excluded from the relevant statutes, he concluded his sentencing statement with, "I'm just going to let it go."

{¶13} Despite his acknowledgments during the plea colloquy, appellant now argues that the weapon he possessed does not violate R.C. 2923.13(A)(2).[2] However, as appellee points out and relevant

---

[2] R.C. 2923.13, the weapon under disability statute, provides:

(A) Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

. . .

(2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been

9

to the case at bar, "by pleading no contest to the indictment," a defendant "is foreclosed from challenging the factual merits of the underlying charge." *Bird*, *supra*. The essence of the no contest plea is that the defendant cannot be heard in defense. *State ex rel. Stern v. Mascio*, 75 Ohio St.3d 422, 424 (1996). "[T]he defendant who pleads no contest waives the right to present additional affirmative factual allegations to prove that he is not guilty of the charged offense." *Id.*

{¶14} Moreover, appellant now apparently seeks to present evidence outside of the record to establish that the rifle is not prohibited under the statute. However, this is not appropriate in a direct appeal. *See State v. Day*, 2019-Ohio-4816, ¶ 4 (4th Dist.)("To the extent Day is relying on evidence that is outside the record to support her claim, postconviction relief—not direct appeal—is the appropriate method to seek relief."); *State v. Carver,* 2022-Ohio-2653, ¶ 25 (4th Dist.)(direct appeal "limited to only those matters contained within the trial record.").

{¶15} Finally, appellant appears to be confused about the trial

---

a felony offense of violence.

court's dismissal of the burglary indictment in Case Number 08CR0274. Appellant now appears to believe that, because the trial court dismissed that particular indictment, the basis for his disability now somehow ceased to exist. However, we again note that, although the trial court dismissed the burglary indictment in Case Number 08CR0274 with prejudice, appellant's burglary conviction in Case Number 08CR0145 is the basis for his disability in the present case. As such, this argument is without merit.

{¶16} Once again, in the case sub judice appellant entered a no contest plea. Crim.R. 11(B)(2) states that a "plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Crim.R. 11(B). "A plea of no contest allows the trial court to enter a finding of guilty to the charged offense following an explanation of the circumstances by the [government]." *State v. Montgomery*, 2024-Ohio-2623, ¶ 15 (5th Dist.), citing *Columbus v. Gullett*, 1990 WL 93891 (July 12, 1990), citing R.C. 2937.07. "Such a plea constitutes an admission of the facts alleged in the complaint." *Id.*, citing Crim.R. 11(B)(2).

{¶17} "Being an admission of the truth of the facts on which the charges against him are based, a no-contest plea forecloses a defendant's right to challenge the truth of those facts in a subsequent appeal from his resulting conviction and sentence." *State v. Montgomery*, 2024-Ohio-2623, ¶ 16 (5th Dist.); *Cuyahoga Falls v. Doskocil*, 2013-Ohio-2074, ¶ 16 (9th Dist.) (where "the State gave the court an explanation of the circumstances at the plea hearing and, based upon the State's explanation, the court found Doskocil guilty[,] ... he cannot challenge his conviction on the basis that it is against the weight of the evidence"); *Streetsboro v. Ragle*, 2024-Ohio-4755, ¶ 16 (11th Dist.)(no contest plea waived claim that explanation of circumstances did not comport with evidence)*; State v. Evans*, 2007-Ohio-6587, ¶ 10 (2d Dist.)(no contest plea forecloses right to challenge trial court's refusal to disclose identity of State's confidential informant); *State v. Bird*, 81 Ohio St.3d 582 (1998)(by pleading no contest to the indictment, appellant is foreclosed from challenging factual merits of underlying charge).

{¶18} Consequently, after our review in the case at bar we believe that the trial court substantially complied with the applicable rules, that appellant acknowledged that he understood

the ramifications of his plea, and the rights appellant would waive through his no contest plea. Appellant, represented by counsel at the plea hearing, did not assert his innocence and we find nothing to suggest confusion or lack of understanding regarding the effect of his plea. *See Willoughby* at ¶ 37.

{¶19} Accordingly, we overrule appellant's first assignment of error.

## II.

{¶20} In his second assignment of error, appellant vaguely asserts that the "trial court erred in acknowledging the laws." Once again, appellant appears to assert that the trial court did not follow R.C. 2923.11(L) when it concluded that his operable muzzleloader is a weapon prohibited from possession under the weapon under disability statute, R.C. 2923.13(A)(2). Appellant also again appears to contend that his burglary conviction may not be used as the disability for the having weapons under disability because the trial court dismissed it with prejudice. However, once again appellant mistakenly refers to the second burglary indictment that the court dismissed (Case Number 08CR0274). Appellee neglects to recognize that the record shows appellant's conviction for burglary in Case Number 08CR0145 serves as the basis for the weapon

under disability conviction in the present case.

**{¶21}** Moreover, as we pointed out above, the trial court properly informed appellant of the rights he waived with his no contest plea and appellant knowingly, intelligently, and voluntarily entered a no contest plea.  When appellant entered his no contest plea to the charge of having a weapon under a disability, he admitted the truth of the allegations contained in the indictment.  *See Bird* at 585.  Accordingly, for all of the foregoing reasons, we overrule appellant's second assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed. Appellee shall recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____
                                Peter B. Abele, Judge

NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a

final judgment entry and the time period for further appeal commences from the date of filing with the clerk.